ARTCO–BELL CORPORATION, Petitioner,

v.

The CITY OF TEMPLE, Texas, Respondent.

No. B–9810.

Supreme Court of Texas, Austin.

May 20, 1981.

Rehearing Denied June 17, 1981.

Beard & Kultgen, Cheryl Reyna, Waco, for petitioner.

Gary F. Chatham, City Atty., Temple, for respondent.

WALLACE, Justice.

This is an appeal from a summary judgment. Plaintiff in the trial court was Artco-Bell Corporation (Artco-Bell) and defendant was the City of Temple, Texas (City). The trial court granted City's motion for summary judgment which alleged that Artco-Bell's notice of claim to the City was not "duly verified" as required by the City Charter and that the City was not given written notice of the alleged dangerous condition giving rise to the loss in question ten days prior to the accident in question. The court of civil appeals affirmed. 603 S.W.2d 384. We reverse the judgment of the court of civil appeals and remand the cause to the district court for trial.

Artco-Bell's truck was damaged on April 16, 1979, in a collision with a low-hanging tree limb which extended over a city street. Artco-Bell mailed an unverified notice of claim to the City on April 24. The City Attorney responded by letter stating that the City was not liable and that "upon receipt of the claim in proper form I will place your request before the City Commission for its consideration." Enclosed with the letter was a copy of Article III, Section 13, of the City Charter which set out the requirements of a notice of claim. On June 12, Artco-Bell mailed a second notice letter which complied with all requirements of the City Charter except that it was not verified. Artco-Bell filed suit on July 11, and City answer on July 20, setting out for the first time its contention that the notice of claim was insufficient because it was not verified and that the City had not been given ten days' notice of the alleged dangerous condition of the street. Artco-Bell contends that there exists a fact issue as to whether the City waived verification of the notice; whether the City is estopped from denying the sufficiency of the notice; whether Artco-Bell gave the City sufficient notice of the claim; that Article III, Section 13 of the City Charter is unconstitutional in that it violates Artco-Bell's right of due process; that the court of civil appeals erred in not ruling on the constitutionality of the ten days' notice requirement contained in Article III, Section 12 of the City Charter; and the court of civil appeals erred in not ruling on whether Article III, Section 12 of the City Charter applies to property damage.[1]

We will first discuss Artco-Bell's contention that it substantially complied with the required notice of claim. In order to fully discuss this point it is necessary that we first refer to the statutory authority for the City's notice requirements. Temple is a home-rule city and its powers are derived from Article 1175, Vernon's Texas Statutes

---

1. It is unnecessary to consider Artco-Bell's points of error concerning Article III, Section 12 because the City has expressly waived reliance on that portion of the Charter as support for the summary judgment.

Annotated.[2] Paragraph 6 of Article 1175 is the source of the City's authority to place limitations upon actions against the City for damages arising from a proprietary wrong committed by the City. *McCrary v. City of Odessa*, 482 S.W.2d 151, 153 (Tex.1972). *See* Hughes, *"Notice of Claim" as a Condition Precedent to Suit: Is the Proprietary-Governmental Distinction Important?* 31 Baylor L.Rev. 427 (1979). That Article states:

Article 1175.

Cities adopting the charter or amendment hereunder shall have full power of local self-government, and among the other powers that may be exercised by any such city the following are hereby enumerated for greater certainty:

.　.　.　.　.

.　.　.　.　.

.　.　.　.　.

.　.　.　.　.

6. To provide for the exemption from liability on account of any claim for any damages to any person or property, or to fix such rules and regulations governing the city's liability as may be deemed advisable.

■ The purpose of the notice requirement is to provide the municipality with an opportunity to investigate an accident while facts are fresh and conditions remain substantially the same, thereby enabling the City to guard against unfounded claims and to settle claims and to prepare for trial. *City of Austin v. Selter*, 415 S.W.2d 489 (Tex.Civ.App.—Austin 1967, writ ref'd n. r. e.); *City of Houston v. Holden*, 336 S.W.2d 193 (Tex.Civ.App.—Eastland 1960, writ ref'd n. r. e.). It has been stated that notice provisions are to be regarded as in aid of the management and control of the City's finances and property. *City of El Paso v. Nicholson*, 361 S.W.2d 415, 417 (Tex.Civ. App.—El Paso 1962, writ ref'd n. r. e.). The apparent purpose of the verification requirement is to afford the City protection

against spurious and unfounded claims. *See City of San Antonio v. Ramundo*, 411 S.W.2d 428, 430 (Tex.Civ.App.—San Antonio 1966), writ ref'd n. r. e., 416 S.W.2d 395 (Tex.1967); *City of Waco v. Landingham*, 158 S.W.2d 79, 80 (Tex.Civ.App.—Waco 1940, writ ref'd).

Based upon the above statute the City adopted its charter and particularly Article III, Section 13 of its charter which states:

## ARTICLE III

Section 13. LIMITATION ON LIABILITY FOR DAMAGES: Before the City of Temple shall be liable for damages for personal injuries of any kind, or for injuries to or destruction of property of any kind, the person injured, or the owner of the property injured or destroyed, or someone in his behalf, shall give the City Manager notice in writing of such injury or destruction, *duly verified*, within sixty (60) days after the same has been sustained, stating in such written notice when, where and how the injury or destruction occurred, and the apparent extent thereof, the amount of damage sustained, the amount for which claimant will settle, the actual residence of the claimant by street and number at the time the claim is presented, and the actual residence of such claimant for six (6) months immediately preceding the occurrence of such injuries or destruction, and the names and addresses of the witnesses upon whom he relies to establish his claim, and, further, that suit be filed thereon within six (6) months from the date such injuries were received or destruction suffered; . . .

■ The question presented in this point is not one of constitutionality. This Court stated in *Lower Colo. River Auth. v. City of San Marcos*, 523 S.W.2d 641, 643 (Tex.1975):

A home rule city derives its power not from the Legislature but from Article XI, Section 5, of the Texas Constitution. Ac-

---

**2.** All statutory references are to Vernon's Texas Civil Statutes Annotated unless otherwise

indicated. All emphases are by this Court.

cepting cities and towns of more than 5,000 population have "full power of self-government, that is, full authority to do anything the legislature could theretofore have authorized them to do. The result is that now it is necessary to look to the acts of the legislature not for grants of power to such cities but only for limitations on their powers." *Forwood v. City of Taylor*, 147 Tex. 161, 214 S.W.2d 282. Thus, we are here presented with the question of the extent of the limitation placed on the powers of the City by Article 1175, Paragraph 6. The last phrase of Paragraph 6 quoted above sets out the limitations which the Legislature placed upon the authority of the City to limit its liability. Such phrase reads, ". . . or to fix such rules and regulations governing the city's liability as *may be deemed advisable.*" The phrase "may be deemed advisable" contains words of common usage which are to be given their ordinary meaning in the absence of a statutory definition. *Satterfield v. Satterfield*, 448 S.W.2d 456, 459 (Tex.1969). Webster defines "advisable" as being prudent and further defines "prudent" as the ability to govern and discipline one's self by use of reason. Webster's New Collegiate Dictionary (1975). So we find that the Legislature limited the City's authority to require a notice of claim that was reasonable.

Charter provisions of the character in question, whether enacted by the Legislature, or, as in the present case, by the City itself, are to be upheld only so far as they are reasonable and tend to aid the due administration of justice. When such provisions so far depart from reasonableness as to amount to a denial of justice they are void.

*Hanks v. City of Port Arthur*, 121 Tex. 202, 48 S.W.2d 944, 949 (1932).

■ We must next examine the notice requirements of City's Charter to determine if they are reasonable. As set out above the requirements are that anyone suffering personal injuries or property destruction as a result of negligence on the part of the City in the performance of a proprietary function must give notice to the City in writing within sixty (60) days setting out all the facts of the occurrence in question including the names of all witnesses, the amounts for which the claimant is making demand and the claimant's residence at the time of the occurrence and for six (6) months immediately preceding the occurrence. Further, the notice must be verified. In order to determine the reasonableness of these provisions the Court will look to the provisions themselves and to the way in which they have been applied. We note that in this case the City was given two notices, the last of which fully complied with the factual requirements of the City's Charter and lacked only verification. Rather than bring to the attention of Artco-Bell that the notice was not verified, the City delayed until after the time expired for giving notice and then rejected the claim. The City Attorney in oral argument before this Court stated that if he received notice of a claim from two persons involved in a common accident which notices were identical except for verification that he would ignore the unverified notice and investigate the verified notice. There are a number of cases in which the conduct of the cities has followed this pattern.[3] This indicates that the verification requirement placed in home-rule city charters allegedly pursuant to Article 1175, Paragraph 6 is unreasonable in that, rather than to aid in the administration of justice by preventing spurious and unfounded claims, the verification notice in fact places an obstacle in the path of citizens pursuing a legitimate redress for wrongs committed by public entities.

■ Therefore, we hold that the requirement of verification represents an unreasonable limitation on the City's liability

---

**3.** *Strickland v. City of Houston*, 608 S.W.2d 285 (Tex.Civ.App.—Houston [14th Dist.] 1980, writ pending); *McDonald v. City of Houston*, 577 S.W.2d 800 (Tex.Civ.App.—Houston [14th Dist.] 1979, writ ref'd n. r. e.).

and is invalid as it is contrary to the limitation of authority placed upon home rule cities by Article 1175, Paragraph 6.[4] Since Artco-Bell's notice of claim complied with the City's requirements in every respect except as to verification it was in compliance with those notice requirements which the City could legally enact pursuant to the statutory authority given them by the Legislature.

City contends that verification is a reasonable requirement and, for support, points to the requirements of verified pleadings contained in the Texas Rules of Civil Procedure. *See*, e. g., Tex.R.Civ.P. 86, 93, 690; *cf.* Tex.R.Civ.P. 185. The analogy is marked more by difference than similarity. In no instance do the rules bar a plaintiff's cause of action for lack of a verified pleading without an opportunity to amend, after special exceptions have been leveled by the defendant. Conversely, the charter provision permits the City to lie behind the log until the expiration of the sixty day notice period and then spring the trap on the unwary citizen who is seeking redress for the City's tort. *Cf. Texas Dept. of Corrections v. Herring*, 513 S.W.2d 6, 9 (Tex.1974).

We are not unaware of statements by Texas civil appeals courts that compliance with the verification requirement of a city notice of injury ordinance is mandatory and in the absence of verified notice the claimant is precluded from prosecuting his action against the City. *See*, e. g., *LaBove v. City of Groves*, 602 S.W.2d 395, 397 (Tex.Civ. App.—Beaumont), writ ref'd n. r. e., 608 S.W.2d 162 (1980); *City of Houston v. Deshotel*, 585 S.W.2d 846 (Tex.Civ.App.— Houston [1st Dist.] 1979, no writ); *Bowling v. City of Port Arthur*, 522 S.W.2d 270, 272 (Tex.Civ.App.—Beaumont 1975, writ ref'd n. r. e.); *Cooper v. City of Abilene*, 416 S.W.2d 562, 564 (Tex.Civ.App.—Eastland

1967, no writ); *Carrales v. City of Kingsville*, 393 S.W.2d 952, 953 (Tex.Civ.App.— Waco 1965, no writ). *See also* E. McQuillan, Municipal Corporations § 48.08 (1971). However, in these cases, the question of whether the requirement of verification without a procedure for amendment represented an unreasonable extension of the powers granted in Article 1175, Paragraph 6 was apparently not raised.

The judgment of the court of civil appeals is reversed and this cause is remanded to the trial court for trial on its merits.

---

4. Although the City's conduct in this case exemplifies the direct conflict between the legislative directive in Article 1175 *that cities* promulgate reasonable limitations on liability and the charter verification requirement, its actions were not so misleading as to justify the application of the doctrines of waiver and estoppel. Accordingly, we overrule Artco-Bell's points of error concerning these matters. *See City of Houston v. Black*, 571 S.W.2d 496 (Tex.1978); *Roberts v. Haltom City*, 543 S.W.2d 75 (Tex. 1976).