**Deborah Kay FITTS, Appellant,**

v.

**The CITY OF BEAUMONT,**
**Texas, Appellee.**

**No. 09 83 223 CV.**

Court of Appeals of Texas,
Beaumont.

Feb. 21, 1985.

Rehearing Denied March 21, 1985.

Kenneth W. Lewis, Cribbs & Lewis, Beaumont, for appellant.

Robert A. Black, Mehaffy, Weber, Keith & Gonsoulin, Beaumont, for appellee.

OPINION

BURGESS, Justice.

This is a summary judgment case involving a "notice of claim" provision in a city

charter. Deborah Kay Fitts filed suit against the City of Beaumont, Texas alleging she had been injured in a fall on the city's property. The fall, she alleged, was a result of a hole in the roadway which constituted a dangerous condition. The city answered stating Ms. Fitts had not given notice of her injuries within the sixty day period required by the city charter.[1] All the requisite dates were uncontroverted or admitted by both parties. The City of Beaumont filed a motion for summary judgment based upon the admitted non-compliance with the city charter provision. Ms. Fitts responded and attempted to avoid summary judgment by alleging there was a fact issue concerning her good cause for giving late notice. Summary judgment was granted and appeal was perfected to this court.

Ms. Fitts alleges three points of error:

*Number one:* "The trial court erred in granting Defendant's motion for summary judgment because the notice provision in the City Charter of Beaumont violates the Texas and United States Constitutions."

*Number two:* "The trial court erred in granting Defendant's motion for summary judgment because sovereign immunity creates an arbitrary and unlawful distinction between governmental and non-governmental tortfeasors."

*Number three:* "The trial court erred in granting Defendant's motion for summary judgment because genuine issues of material fact existed which precluded summary judgment."

The Charter of the City of Beaumont contains the following provision:

"Sec. 21. Written notice of injury of damage.

Before the City of Beaumont shall be liable for personal injuries of any kind, the person injured or someone in his behalf shall give the City Council notice in writing of such injury within sixty (60) days after the same has been sustained, stating specifically in such notice when, where and how the injury occurred and the extent thereof, and the names and addresses of any person or persons, if any witnessing same, if such names and addresses can be ascertained by reasonable diligence. No officer or employee of the City shall have authority to waive any of the provisions of this section as to notice, but same may be waived only by a resolution of the City Council, made and passed before the expiration of the period herein provided, and evidenced by the minutes of the City Council. (Charter 1947, art. 17 sec. 15)."

The statutory authority for the city's notice requirement, it being a home-rule city, is derived from *TEX.REV.CIV.STAT.ANN. art. 1175* (Vernon 1963 and Vernon Supp. 1985). Paragraph 6 of this article is the source of the city's authority to place limitations upon actions against the city for damages arising from proprietary wrongs. *Artco-Bell Corp. v. City of Temple,* 616 S.W.2d 190 (Tex.1981). This statutory authority is derived from *TEX. CONST. art. XI, sec. 5.* This article, however, recognizes the right of the legislature to prescribe limitations for home-rule cities and requires that city charter provisions not be in conflict with the constitution of the state or the general laws enacted by the legislature.

■ Ms. Fitts alleges, in her first point of error, that Sec. 21 of the Beaumont City Charter is in violation of *Art. XI, sec. 5* of the Texas Constitution in that the charter section shortens or abrogates the general two-year statute of limitations in personal injury cases. This argument has long been answered by the general premise authorizing "notice of claim" provisions. The purpose of these requirements, as recognized by the Texas Supreme Court, is to ensure a prompt reporting of claims to enable the municipality to investigate while facts are fresh and conditions remain substantially the same. Such opportunity to investigate,

---

1. Answers to Interrogatories indicate the notice to the city was given 66 calendar days after the injury.

predicated upon timely reporting of claim of injury, enables the city to gather the information needed guard against unfounded claim, settle claims and prepare for trial. *City of Houston v. Torres*, 621 S.W.2d 588, 591 (Tex.1981). The claim of unconstitutionality under *Art. XI, sec. 5* of the Texas Constitution cannot be sustained.

Ms. Fitts next attacks the city charter provision as being violative of *TEX. CONST. art. I, sec. 13* or the "open courts" provision. In reviewing previous Texas Supreme cases on city charter provisions, a much cited case is *City of Waco v. Landingham*, 138 Tex. 156, 157 S.W.2d 631 (1941). Here, Landingham argued the city charter provision was unconstitutional under *Art. I, sec. 13* of the Texas Constitution and the fourteenth amendment to the United States Constitution because it was unreasonable and discriminatory, in that it was not possible to give it a fair and impartial application in all instances. The court held the charter provision could not be held unconstitutional merely because it could not be given universal application. *McCrary v. City of Odessa*, 482 S.W.2d 151 (Tex.1972) established the "minority" exception to notice provisions on the grounds of *Art. I, sec. 13*. *Brantley v. City of Dallas*, 498 S.W.2d 452 (Tex.Civ.App.— Eastland 1973, writ ref'd n.r.e.), *cert. denied*, 415 U.S. 983 (1974) raised the question of the validity of notice provisions under the fourteenth amendment to the United States Constitution and the court held no fourteenth amendment violation existed. *City of Houston v. Torres, supra*, was not an *Art. I, sec. 13* attack on a city charter, but sought to carve a "good cause" exception based on the party's "belief that his injuries were trivial." The court refused to carve such an exception. *Artco-Bell Corp. v. City of Temple, supra*, struck down the requirement that a notice of injury claim be verified. The decision turned, not on a constitutional question, but, on the theory that the requirement was unreasonable under *TEX.REV.CIV.STAT.ANN. art. 1175, para. 6* (Vernon 1963). *Hanks v. City of Port Arthur*, 121 Tex. 202, 48 S.W.2d 944 (1932) was an early case which found a city

"notice of defect" provision unconstitutional under *Art. I, sec. 13* because the charter provision was unreasonable and violated due process. In *Hanks, supra*, 48 S.W.2d at 949, our Texas Supreme Court quoted from the Supreme Court of Washington:

" '... Charter provisions of the character in question, whether enacted by the legislature, or, as in the present case, by the city itself, are to be upheld only so far as they are reasonable and tend to the due administration of justice. When such provisions so far depart from reasonableness as to amount to a denial of justice, they are void.' "

This brings us almost full circle only to discover that the question of a time period limitation in "notice of injury" charter provisions being in violation of the "open courts" provision of the Texas Constitution is yet unanswered. A recent discussion of the "open courts" provision by our Supreme Court is *Sax v. Votteler*, 648 S.W.2d 661 (Tex.1983). Admittedly, this is not a city charter case. The court here, declared the limitations provisions of *TEX.INS. CODE ANN. art. 5.82, sec. 4* (Vernon 1981) (repealed) to be in violation of *Art. I, sec. 13*, as it applied to minors. The discussion of *Art. I, sec. 13* and its requirements are enlightening and we think, controlling. Basically, Justice Kilgarlin, speaking for the entire court, tells us to weigh the legislative basis for the respective ordinance against the extent to which a litigant's right to redress is affected. A more recent and more celebrated case is *Nelson v. Krusen*, 678 S.W.2d 918 (Tex.1984). Here, the same statute as in *Sax v. Votteler, supra*, was declared unconstitutional in violation of *Art. I, sec. 13*, because the legislature established an absolute limitation period as opposed to an "accrual" limitation period. Thus, in following *Sax v. Votteler, supra*, the Supreme Court reaffirmed the proposition that the "open courts" provision of the Texas Constitution prohibits unreasonable limitation provisions.

■ Turning to the charter provision in question, we must analyze it in accordance

with *Sax v. Votteler, supra,* and *Nelson v. Krusen, supra.* The general legislative basis for "notice of injury" provisions, as stated in *City of Houston v. Torres, supra,* is logical and reasonable. But does a 60 day period, without any good cause exception, affect a litigant's right to redress? Obviously it does. The selection of 60 days as the notice period can be nothing but arbitrary. The legislature, in the "Tort Claims Act" established six months as the time limit within which notice must be given under that act. *TEX.REV.CIV.STAT. ANN. art. 6252–19 sec. 16* (Vernon Supp. 1985). While not conclusive, as a reasonable time limitation, this six month requirement is certainly persuasive.

We therefore hold the city charter provision in question violates the "open courts" provision and can not stand. Point of error number one is sustained.

■ We have considered point of error number two and find it without merit and it is accordingly overruled. Having disposed of the case in the manner indicated, point of error number three need not be decided.

While the trial judge cannot and should not be faulted for following the law as it stood prior to this opinion, the judgment of the trial court is reversed and the cause remanded.

REVERSED AND REMANDED.