Raymond **SCHAUTTEET**, and Wife, Virginia Schautteet, Appellants,

v.

The **CITY OF SAN ANTONIO**, Texas, Appellee.

No. 04–85–00012–CV.

Court of Appeals of Texas, San Antonio.

Nov. 13, 1985.

Rehearing Denied Dec. 18, 1985.

Writ Refused March 19, 1986.

Susan Combs, San Antonio, John H. Davis, Bennie Bock, II, New Braunfels, for appellants.

Richard C. Danysh, San Antonio, for appellee.

Before REEVES and TIJERINA, JJ., and T. GILBERT SHARPE, Assigned Justice.*

## OPINION

TIJERINA, Justice.

This is a summary judgment case involving the ninety day notice of claim provision in section 150 of the San Antonio City Charter. Raymond Schautteet and his wife, Virginia Schautteet, sued the City of San Antonio alleging the City's negligence in connection with a May 11, 1982, incident in which their residence and its contents were destroyed by fire. The negligence allegedly occurred when City workers who were replacing electrical poles near the Schautteets' residence connected a wire which caused a surge of electricity to enter the Schautteets' home. The surge of electricity allegedly caused the fire. Farmer's Mutual Fire Insurance Association intervened alleging that it has paid the Schautteets' loss up to the policy limit and that an agreement had been signed subrogating Farmer's to the Schautteets' claim.

Bennie Bock, III, Farmer's attorney, met with an attorney from the City during the week of June 7, 1982, and spoke with him about the incident involving the Schautteets' house and about their claim. The City's attorney told Bock that the City would investigate the matter and return with some answers. On August 11, 1982, a representative of the City called Bock and denied that the City caused the fire. The denial took place ninety-two days after the fire.

The City moved for summary judgment on the sole ground that the Schautteets failed to give written notice of their claim within ninety days of the fire as required by the City's charter. The Schautteets admitted in response to requests for admission submitted by the City that written notice was not provided within the ninety days and that the only written notices provided by them were given more than nine months after the fire. Summary judgment was granted, and the Schautteets and Farmer's sustained a take nothing judgment.

The Schautteets in their brief claim that they raised fact issues concerning the City's actual notice of the claim and whether the city is estopped to raise the ninety day notice provision. In a reply brief the Schautteets raise the additional issue of whether the ninety day notice provision denied them access to the courts guaranteed in TEX.CONST. art. I, § 13.

---

* Assigned to this case by the Chief Justice of the Supreme Court of Texas as authorized pursuant to Paragraph (d) of Article 1812, Texas Revised Civil Statutes as amended by H.B. 2244 (Acts 1983, 68th Leg., p. 1912, Ch. 354, Sec. 1, eff. June 16, 1983).

Section 150 of the San Antonio City Charter provides, in pertinent part:

> Before the city shall be liable ... for damage to or destruction of property of any kind, ... the owner of the property injured or destroyed, shall give the city manager or the city clerk notice in writing of such ... injury or destruction within ninety days after same has been sustained, stating in suchwritten notice when, where and how the ... injury or destruction occurred, and the apparent extent of any such injury, and the amount of damages sustained....

The relevant clause of TEX.CONST. art. I, § 13 reads:

> All courts shall be open, and every person for an injury done him, in his lands, goods, person or reputation, shall have remedy by due course of law.

■■■ The Schautteets cite *Fitts v. City of Beaumont*, 688 S.W.2d 182 (Tex.App.—Beaumont 1985, writ ref'd n.r.e.), as authority for their contention that the ninety day notice requirement violates the "open courts" provision of the Texas Constitution. *Fitts* concerned a similar sixty day notice of claim provision found in the Beaumont city charter. In determining that the notice requirement violated the open courts provision, the Beaumont court applied the balancing test set out in *Sax v. Votteler*, 648 S.W.2d 661, 665–66 (Tex.1983). The legislative basis for the notice provision must be weighed against the extent to which a litigant's right to redress is affected. *Fitts*, 688 S.W.2d at 184. The right to bring a well-established common law cause of action cannot be effectively abrogated by the legislature absent a showing that the legislative basis for the statute outweighs the denial of the constitutionally-guaranteed right of redress. *Sax*, 648 S.W.2d at 665–66. The legislative purpose of such notice of claim provisions is to provide the city with the opportunity to investigate an accident while facts are fresh and conditions remain substantially the same, enabling the city to guard against unfounded claims, settle claims and prepare for trial. *City of Houston v. Torres*, 621 S.W.2d 588, 591 (Tex.1981); *Artco-Bell v. City of Temple*, 616 S.W.2d 190, 192 (Tex.1981). These are legitimate goals and are often advanced as the purpose of statutes of limitations. *See Gaddis v. Smith*, 417 S.W.2d 577, 578 (Tex.1967) (purpose of statutes of limitations is to compel assertion of claims within a reasonable period after their origin, and while the evidence upon which their enforcement or resistance rests is fresh in the minds of the parties and their witnesses).

While time limits must be drawn, the period chosen must be reasonable. *City of Houston v. Torres*, 621 S.W.2d at 591; *Artco-Bell Corp. v. City of Temple*, 616 S.W.2d at 193. The legislature has decreed that a person has two years from the time of the accrual of a cause of action to bring suit for an injury to his property. TEX. REV.CIV.STAT.ANN. art. 5526 (Vernon Supp.1985). Thus, the legislature believes that evidence of the occurrence will still be fresh in the minds of the parties and their witnesses in that length of time. It also believes that this length of time will be sufficient to protect defendants from spurious and unfounded claims. The ninety day notice of claim provision is thus unreasonable in that a much longer period of time will satisfy the purposes the notice requirement seeks to address.

We realize that it has been held that a notice of claim provision is not a statute of limitation. *See, e.g., Maier v. Ketchikan*, 403 P.2d 34 (Alaska 1965). It is, however, the functional equivalent of a statute of limitation, for even though an injured party need not actually file suit within the ninety days, he is effectively precluded from recovery if he has not complied with the notice requirement. *City of Houston v. Torres*, 621 S.W.2d at 590. Thus, article 5526 is instructive as a reasonable period of time within which a claim for injury to one's property will still be fresh enough to investigate and to litigate.[1] It is not, of

---

1. The Beaumont court in *Fitts* pointed to the six month notice of claim provision contained in

TEX.REV.CIV.STAT.ANN. art. 6252–19, § 16 (Vernon Supp.1985), the Texas Tort Claims Act,

course, conclusive, and we do not wish to be understood as attempting to legislate that or any other period into the City Charter of San Antonio.

The ninety day notice of claim provision is further unreasonable when balanced against its effect on litigants' rights to bring claims against the municipality for injuries to their persons or property. Many, if not most, individuals suffering the pain and loss of these injuries are unaware of the notice requirement and will not have even decided to contact an attorney by the time the notice period expires. Even municipal officials with actual knowledge of the injury may lie behind the log of the notice requirement only to spring forth at its expiration knowing that the City's liability has terminated. The instant case may present such an example. Thus, the ninety day period is nothing more than an obstacle in the path of citizens pursuing a legitimate redress for wrongs committed by public entities. *See Artco-Bell Corp. v. City of Temple,* 616 S.W.2d at 193.

■ We hold that the ninety day notice of claim provision violates the "open courts" provision of the Texas Constitution and cannot stand. Given our disposition of the constitutional question, we need not rule on the Schautteets' actual notice and estoppel points of error.

The judgment of the trial court is reversed and the cause is remanded.

as a reasonable notice period. *Fitts,* 688 S.W.2d at 185. That Act, however, was adopted as a partial waiver of sovereign immunity, article 6252–19, § 4, and does not apply to proprietary functions of a municipality. Article 6252–19, § 18(a). The doctrine of sovereign immunity has only applied to a municipality's governmental acts. *City of Houston v. Quinones,* 142 Tex. 282, 177 S.W.2d 259, 261 (1944). The ownership and operation of electrical plants and equipment such as were involved in Schautteets' claim are proprietary functions. *City of Greenville v. Pitts,* 102 Tex. 1, 107 S.W. 50, 51 (1908). Even assuming notice of claim provisions have some validity in the area of sovereign immunity, such basis disappears in instances involving the proprietary functions of a city.