**CITY OF SAN ANTONIO, Petitioner,**

v.

**Raymond SCHAUTTEET, et al.,
Respondents.**

**No. C–4973.**

Supreme Court of Texas.

March 19, 1986.

Richard C. Danysh, Leslie Wharton, Matthews & Branscomb, San Antonio, for petitioner.

Bennie Bock, II, Bock, Davis & Friesenhahn, New Braunfels, Susan Combs, Branton, Warncke, Hall & Gonzales, San Antonio, for respondents.

## ON APPLICATION FOR WRIT OF ERROR

PER CURIAM.

This is an appeal of a summary judgment involving the 90-day notice of claim provision of the San Antonio City Charter. Raymond and Virginia Schautteet sued the City of San Antonio, alleging that the City negligently destroyed their house by fire May 11, 1982. Farmer's Mutual Fire Insurance Association paid the policy limit for the loss, signed a subrogation agreement with Schautteet, and intervened in the suit.

Farmer's attorney met with the City Attorney during the week of June 7, 1982, at which time the City Attorney informed him that the City would investigate the incident. Schautteet did not file written notice of the claim with the City within 90 days of the fire. On August 11, 1982, more than 90 days after the fire, a City representative called Farmer's attorney and denied any liability on the part of the City. Schautteet subsequently filed suit.

The trial court granted the City's motion for summary judgment. The court of appeals reversed and remanded, holding the 90-day notice provision to be in violation of the open courts provision, Tex.Const. art. I, § 13. 702 S.W.2d 680.

■ Although we agree that the cause should be remanded for trial, the court of appeals should not have addressed the constitutional challenge. Schautteet raised the issue of violation of the open courts provision for the first time in a reply brief filed on appeal. Therefore, the issue was never before the trial court and should not have been considered by the court of appeals. City of Houston v. Clear Creek Basin Authority, 589 S.W.2d 671 (Tex. 1979). "Even constitutional challenges not expressly presented to the trial court by written motion, answer or other response to a motion for summary judgment will not be considered on appeal as grounds for reversal." Lynch v. Port of Houston Authority, 671 S.W.2d 954 (Tex.App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.).

The court of appeals should not have addressed the constitutional challenge because other grounds were asserted upon which the court could have decided the case. *See San Antonio General Drivers, Helpers Local No. 657 v. Thornton,* 156 Tex. 641, 299 S.W.2d 911 (1957). In *General Drivers,* we held that "[a] court will not pass on the constitutionality of a statute if the particular case before it may be decided without doing so." *Id.* at 647, 299 S.W.2d at 915.

■ Schautteet appealed the summary judgment on the grounds that there existed genuine issues of material fact regarding estoppel and actual notice on the part of the City of San Antonio. This court has held that summary judgment is improper where there are genuine issues of material fact whether a city, through its officials, led the claimant to believe no further steps needed to be taken until the city completed its investigation. *Roberts v. Haltom City,* 543 S.W.2d 75, 78–79 (Tex.1976). The conversation between Farmer's attorney and the City Attorney raised material fact questions regarding actual knowledge of the City of San Antonio and estoppel due to the representations of the City Attorney.

This case is distinguishable from *City of Beaumont v. Fitts,* 688 S.W.2d 182 (Tex. App.—Beaumont 1985, writ ref'd n.r.e.), in which the constitutionality of the city ordinance was properly before us.

Therefore, the application for writ of error is refused, no reversible error. Tex.R. Civ.P. 483.