William C. BORNE, Appellant,

v.

CITY OF GARLAND, Appellee.

No. 05–85–00947–CV.

Court of Appeals of Texas, Dallas.

June 18, 1986.

Rehearing Denied Oct. 13, 1986.

Garnett E. Hendrix, Dallas, for appellant.

James H. Moody, Dallas, for appellee.

Before WHITHAM, McCLUNG and McCRAW, JJ.

McCLUNG, Justice.

Appellant, Borne, appeals a summary judgment in favor of the City of Garland in a suit for personal injuries brought against the City by Borne. For the reason set out below, we reverse the judgment and remand the cause to the trial court.

Borne alleges that he was injured by electric shock when he came into contact with an underground power cable belonging to Garland Power and Light, a department of the City of Garland.

Garland is a home rule city existing under article XI, section 5 of the Texas Constitution and, as such, has full power of local self-government, subject to the limitation that its charter and ordinances shall contain nothing inconsistent with the Texas and United States Constitutions or with the general laws enacted by the legislature. *Artco-Bell Corp. v. City of Temple,* 616 S.W.2d 190, 192–93 (Tex.1981). Article 1175, section 6 of the Texas Revised Civil Statues authorizes home rule cities to "provide for the exemption from liability on account of any claim for any damages to any person or property, or to fix such rules and regulations governing the city's liability as may be deemed advisable." TEX. REV.CIV.STAT.ANN. art. 1175, § 6 (Vernon 1963). Pursuant to this authority, the City of Garland, as many cities in Texas have done, placed a "notice of claim" provision requirement in its city charter. In pertinent part, article XVI, section 117 of the charter provides:

The City of Garland shall never be liable for any personal injury, whether resulting in death or not, unless the person injured or someone in his behalf, or in the event the injury results in death, the person or persons who may have a cause of action under the law by reason of such death injury, shall file a notice in writing with the City Manager or City Secretary within thirty (30) days after the same has been received, stating specifically in such notice when, where and how the exact injury occurred and the full extend [sic] thereof, together with the amount of damages claimed or asserted.

It is undisputed that the operation of Garland Power and Light is a proprietary function of the City. It is also undisputed that written notice of claim was not given by Borne or anyone on his behalf within thirty days as required by the charter.

The summary judgment was granted to the City on its motion, which set up the admitted lack of notice and which was supported by an affidavit of the City Secretary and a copy of the charter provision above. Borne attempted to avoid summary judgment by alleging: (1) that there was a fact issue concerning whether the City had timely, actual notice that placed him in substantial compliance with the charter; (2) that the lack of an exception for timely, actual notice in section 117 placed the charter in violation of the open courts provision, article I, section 13 of the Texas Constitution; and (3) that by its failure to include an exception in the city charter for timely, actual notice, the City exceeded the authority to limit its liability under article 1175, section 6 of the Texas Revised Civil Statutes.

Borne now brings these same arguments before us in his three points of error. We find no merit in his first point of error that a fact issue has been raised concerning timely, actual notice, and it is, therefore, overruled.

In his second point, Borne cites *Fitts v. City of Beaumont,* 688 S.W.2d 182 (Tex. App.—Beaumont 1985, writ ref'd n.r.e.), as authority for his contention that the lack of a timely, actual-notice exception violates the open courts provision of the Texas Constitution. The facts in *Fitts* are strikingly similar to the present case. *Fitts* was an appeal from a summary judgment granted to the City of Beaumont because of an admitted failure to give a notice of claim within sixty days pursuant to the provision found in the Beaumont city charter. It is significant that the challenge made in *Fitts* to the constitutionality of the charter notice provision was not based on the grounds that it did or did not contain certain provisions thought to be objectionable or needed, but rather on the general claim that it created an arbitrary distinction between governmental and non-governmental tortfeasors, thereby violating certain constitutional provisions, one of those being the open courts provision. The *Fitts* court, recognizing that the time limit of city charter provisions is the functional equivalent of a statute of limitations, carefully analyzed the development of the cases on city charter provisions and determined that the question whether time-period limitations in notice of injury provisions violated the open courts provision was at that time unanswered. *Fitts,* 688 S.W.2d at 184. The court then utilized the balancing test set out in *Sax v. Votteler,* 648 S.W.2d 661, 665–66 (Tex.1983), and determined that the notice requirement violated the open courts provision.

A ninety-day notice of claim provision in a city charter was found to violate the open courts provision in *Schautteet v. City of San Antonio,* 702 S.W.2d 680 (Tex.App.— San Antonio 1985), *writ ref'd n.r.e. per curiam,* 706 S.W.2d 103 (Tex.1986). In refusing the writ, the supreme court commented that it agreed that the matter should have been remanded for trial, but on other grounds, since violation of the open courts provision was raised for the first time on appeal and therefore should not have been considered by the court of appeals. 706 S.W.2d at 104. It is significant to the question before us, however, that the supreme court made a specific point of distinguishing *Fitts* from *Schautteet* and once again affirmed the *Fitts* holding, stating that there "the constitutionality of the city ordinance was properly before us." *Id.*

In applying the balancing test to the matter before us, the legislative basis for the notice provision must be weighed against the extent to which a litigant's right to redress is affected. *Fitts,* 688 S.W.2d at 184. The right to bring a well-established common law cause of action cannot be effectively abrogated by the legislature absent a showing that the legislative basis for the statute outweighs the denial of the constitutionally guaranteed right of redress. *Sax,* 648 S.W.2d at 665–66.

The legislative purpose of a notice of claim provision is to provide the city with the opportunity to investigate an accident while facts are fresh and conditions remain substantially the same, enabling the city to guard against unfounded claims, to settle claims, and to prepare for trial. *City of Houston v. Torres,* 621 S.W.2d 588, 591 (Tex.1981); *Artco-Bell,* 616 S.W.2d at 192. These are often advanced as the purposes of statutes of limitations and are legitimate goals. While a time limit must be drawn, the period chosen must be reasonable.

Our supreme court has approved *Fitts,* which holds a sixty-day notice provision to be arbitrary and unreasonable, and has approved *Schautteet,* which holds a ninety-day notice provision to be unreasonable and in violation of the open courts provision. Here, we have a thirty-day notice provision that does not contain any exception such as "good cause," as discussed in *Fitts,* or "actual notice," as discussed in *Schautteet* and as set out in the Tort Claims Act. *See*

Tex.Civ.Practice and Remedies Code § 101.101(c) (Vernon 1986). In applying the *Sax* balancing test to the applicable portion of the charter before us, we reach the inescapable conclusion that the thirty-day period is nothing more than an obstacle in the path of citizens pursuing a legitimate redress for wrongs committed by public entities. *See Artco-Bell,* 616 S.W.2d at 193.

■ We hold that the thirty-day notice provision violates the open courts provision of the Texas Constitution and cannot stand. Given our disposition of the constitutional question, we need not rule on Borne's third point of error.

The judgment of the trial court is reversed and the cause remanded.

McCRAW, Justice, concurring.

I concur with the result reached by the majority, however, I would hold that a fact issue was presented concerning the City of Garland's timely receipt of actual notice, and that this point of error is persuasive.

The Texas Supreme Court in *City of Houston v. Torres,* 621 S.W.2d 588, 590 (Tex.1981) recognized that in enacting the Texas Tort Claims Act, article 6252–19 of the Texas Revised Civil Statutes,[1] the legislature ratified and approved city charter provisions requiring notice of a claim for injury to person or property within a stated period. The present version of the Texas Tort Claims Act found in section 101.101 of the Texas Civil Practice and Remedies Code provides in part:

> (c) *The notice requirements* provided or ratified and approved by Subsections (a) and (b) *do not apply if the governmental unit has actual notice* that death has occurred, that the claimant has received some injury, or that the claimant's property has been damaged.

(Emphasis added). The Texas Supreme Court restricted the *Torres* case to the facts and chose not to address the applica-

bility of the actual notice exemption of the Texas Tort Claims Act to a proprietary tort. *See* section 101.101(c). However, the high court recognized in *Torres* that the established purposes of the "notice of claim" requirement are to ensure a prompt reporting of claims to allow the municipality to investigate while the facts are fresh and conditions remain the same, thereby enabling the city to guard against unfounded claims, settle claims, and prepare for trial. *Torres,* 621 S.W.2d at 591. Justice Barrow, writing for the majority, specifically stated that there was no evidence, *nor contention* that the city had actual notice of Torres's injuries. *Id.* at 590.

Unlike *Torres,* in the present case we have a contention of actual notice of a proprietary tort to the city. The record before us reflects that some evidence did exist that the city had timely notice of an injury accident, with opportunity to investigate while the facts were fresh. The evidence includes a report by the Superintendent of Electricity Distribution and Transmission for Garland Power and Light, a department within the City of Garland, concerning a telephone company employee's injury, on the date and at the site of Borne's injury.

I would hold that the superintendent's report definitely raises a fact issue of actual notice to the city and that a favorable fact finding of actual notice would preclude the pro forma necessity for making a timely, city charter-created notice of claim.

---

1. This statute was repealed by Acts 1985, 69th Leg., p. 7218, ch. 959, sec. 9(1); and is presently located in the Texas Civil Practice and Remedies Code sections 101.001 et seq. (Vernon Pamph. 1986) in its revised form. No substantive change in the law was made by the Act; it was merely a recodification of the former statute. Acts 1985, p. 7219 sec. 10.