native of the existence of a right of survivorship in a joint account." Coy Rogers and Laura Rogers entered into the required "written agreement" with the bank on January 6, 1981. At that time, the written joint account agreement created in favor of each of them a right of survivorship in the deposited funds should the other die. The agreement did not contain the name of defendant. Coy Rogers and Laura Rogers did not enter into a new written agreement approximately six years later when the name of defendant was typed on the signature card, and defendant signed the card.

TEX.PROB.CODE ANN. § 440 (Vernon 1980) contains the procedure for changing a properly established joint account with right of survivorship. Section 440 provides:

> The provisions of Section 439 of this code as to rights of survivorship are determined by the form of the account at the death of a party. Notwithstanding any other provision of the law, this form may be altered by written order given by a party to the financial institution to change the form of the account or to stop or vary payment under the terms of the account. The order or request must be signed by a party, received by the financial institution during the party's lifetime, and not countermanded by other written order of the same party during his lifetime.

The mere addition of a typed name and signature on the bank's signature card was not a "written order" given by a party to the bank to change the "form of the account" or to "vary payment" under the terms of the account. There was no order or request signed by a party and received by the bank during the party's lifetime. See *McCarty v. First State Bank & Trust Company*, 723 S.W.2d 792 (Tex.App.—Texarkana), *rev'd in part on other grounds*, 730 S.W.2d 656 (Tex.1987). Defendant's three points of error are overruled.

Judgment of the trial court is affirmed.

**TROPICANA ENERGY COMPANY, INC., Appellant,**

v.

**TEXAS ETHANOL, INC., Appellee.**

No. 2–91–239–CV.

Court of Appeals of Texas, Fort Worth.

June 9, 1992.

Hughes & Luce, L.L.P., David C. Godbey and Chrysta L. Osborn, Dallas, for appellant.

Lane, Ray, Getchell & Wilson, Donald H. Ray, Fort Worth, for appellee.

Before FERRIS, MEYERS and DAY, JJ.

OPINION

MEYERS, Justice.

Appellant, Tropicana Energy Company, Inc., appeals from a summary judgment in favor of Texas Ethanol, Inc., which recognizes Texas Ethanol's purchase money security interest in an ethanol plant on Tropicana's property, and from an order severing the judgment. The summary judgment grants Texas Ethanol possession of the plant for the purpose of foreclosing its security interest.

We affirm.

On November 5, 1986, Ethtec entered into a lease agreement with Tropicana Energy Company, to lease Tropicana's property "for the development of an Ethanol Energy Production Plant." The plant was owned by three partnerships. The partnerships borrowed money from individual investors to finance the construction of the ethanol plant, and gave the investors a security interest in the plant. Ethtec entered into a contract with the partnerships to build the plant and manage it for a set fee. The individual investors formed Texas Ethanol, Inc., and assigned their interest in the plant to the corporation in exchange for stock in the corporation. Abe Lipsky represented Ethtec in its lease with Tropicana. Mr. Lipsky owns 75% of the stock in Ethtec and 6% of the stock in Texas Ethanol.

The three partnerships defaulted on their repayment of the monies owed to the investors, who now all own stock in Texas Ethanol, so Texas Ethanol foreclosed its security interest in the plant. Then Texas Ethanol sold all the personal property that made up the ethanol plant to Sunaco/Fermethanol Joint Venture in exchange for a $3,050,000.00 note. Also, Ethtec assigned Sunaco its rights under its lease with Tropicana. Sunaco defaulted on the note and Texas Ethanol again attempted to foreclose its security interest in the plant.

In the meantime, Sunaco did not pay Tropicana rents on the lease. On February 13, 1991, Tropicana attempted to have the lease terminated in bankruptcy court where Sunaco had filed Chapter 11. The bankruptcy court terminated the lease and gave Sunaco thirty days to remove the ethanol plant or it would go to Tropicana, as per article 7.06 under the lease which states in pertinent part "[a]ny such items which are not removed by the termination date of the lease *shall become the property of Lessor.*" [Emphasis added.] On March 7, 1991, Texas Ethanol then obtained a bankruptcy court order which held that it "has a valid and subsisting security interest" in the plant. On March 20, 1991, Tropicana filed this lawsuit for declaratory judgment claiming that as per the lease and the bankruptcy order it is the sole owner of the plant. Tropicana also claims past due rents. Texas Ethanol counterclaims in district court that it has a validly perfected security interest in the plant. The trial court granted summary judgment, and severed the security interest issue out of the lawsuit.

In its first point of error, Tropicana asserts that summary judgment was improper in view of its prior bankruptcy court judgment. Tropicana states that the trial court erred in awarding Texas Ethanol title to the Ethanol plant, because the bankruptcy court order invested title in it.

We disagree with Tropicana's interpretation of the action of the district court since it is clear from the summary judgment that the court is only decreeing that Texas Ethanol has a "valid purchase money security interest" in the property, not title to the property.

Additionally, Tropicana's argument that their February 13, 1991, bankruptcy order precludes the district court's finding is misplaced. The March 7, 1991, bankruptcy court order which held that Texas Ethanol has a valid and subsisting security interest is totally consistent with the district court's finding of the same thing.

It is uncontroverted summary judgment evidence that Texas Ethanol has a valid perfected security interest in the property. Tropicana has taken the property subject to Texas Ethanol's interest. TEX.BUS. & COM. CODE ANN. § 9.306 (Vernon 1991). After viewing the evidence in the light most favorable to Tropicana, we find there is no material fact issue as to Texas Ethanol's perfected security interest. Tropicana's first point of error is overruled.

In its second point, Tropicana argues summary judgment was improper because there is a fact issue concerning whether Texas Ethanol acted in good faith, thereby defeating its claim of ownership. Tropicana did not raise the issue of good faith in its petition, response to summary judgment, or even its motion for new trial.

■ With the exception of an attack on the legal sufficiency of the grounds expressly raised by the movant in his motion for summary judgment, the nonmovant must expressly present to the trial court any reasons seeking to avoid the movant's entitlement, such as those set out in rules 93 and 94, and he must present summary judgment proof when necessary to establish a fact issue. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979). In an appeal from a summary judgment, if the issue was never before the trial court it should not be considered by the court of appeals. *City of San Antonio v. Schautteet*, 706 S.W.2d 103, 104 (Tex.1986) (per curiam) (issue raised for the first time in a reply brief filed on appeal should not be considered by the court of appeals). Tropicana's second point of error is overruled.

■ In its third point, Tropicana argues its claim for ownership of the ethanol plant and implied rents comprised but a single cause of action and severance was improper. Tropicana asserts that the severed ownership claim is so legally and factually interwoven with its claims for actual and implied rents that the trial court's severance of it constituted an abuse of discretion. Tropicana has asserted a claim for actual unpaid rents due under the lease which were secured by a lien on the plant.

The undisputed summary judgment evidence shows that under the trial court and bankruptcy court's decisions Tropicana takes the property subject to Texas Ethanol's validly perfected security interest. Severance of the trial court's decision that Texas Ethanol held a validly perfected security interest was not improper because the claim for implied rents is not so legally and factually interwoven that it would constitute an abuse of discretion. Tropicana's third point of error is overruled.

Finally, Texas Ethanol requests damages pursuant to rule 84 of the Texas Rules of Appellate Procedure. Texas Ethanol cites this court to no facts as to why Tropicana would have taken this appeal for "delay," and we can see none. Further, Texas Ethanol cites no authority for this proposition. TEX.R.APP.P. 74(f). Texas Ethanol's request is denied.

Judgment is affirmed.