ACCEPTED
04-014-00494-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
4/20/2015 2:00:08 PM
KEITH HOTTLE
CLERK

# NO. 04-14-00494-CV

IN THE FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
4/20/2015 2:00:08 PM
KEITH E. HOTTLE
Clerk

**United Parcel Service, Inc. and Roland Leal,**

Appellants/Cross-Appellees,

**v.**

**Robert Scott Rankin, Individually, Rachelle Rankin, Individually and As Next Friend for Avery Rankin, a Minor, As Next Friend for Kara Rankin, a Minor and As Next Friend for Samuel Rankin, a Minor**

Appellees/Cross-Appellants.

On Appeal from the 224th Judicial District Court, Bexar County, Texas
Honorable Cathy Stryker, Presiding Judge
Trial Court Cause No. 2011-CI-07922

**OPPOSITION TO CROSS-APPELLANTS' MOTION FOR LEAVE TO FILE REPLY TO CROSS-APPELLEES' REPLY TO NEW ARGUMENT IN CROSS-APPELLANTS' REPLY BRIEF THAT RULE 167.4(a) IS INVALID**

_____

In their conference, counsel for Cross-Appellees, United Parcel Service, Inc. and Roland Leal, indicated to counsel for Cross-Appellants that Cross-Appellees would not oppose Cross-Appellants filing a Reply to Cross-Appellees' Reply to New Argument in Cross-Appellants' Reply Brief that Rule 167.4(A) Is Invalid, *if such reply was limited to responding only to arguments made in Cross-Appellees' Reply.*

However, Cross-Appellants' Reply, which was submitted for filing on April 17, 2015, is not so limited, but raises new arguments attacking the trial court's judgment that were never raised in the trial court or in Cross-Appellants' Brief, and accordingly have been waived. Cross-Appellees therefore oppose and request that the Court deny Cross-Appellants' motion for leave to file their Reply.

Tex. Civ. Prac. & Rem. Code § 42.001(5) provides: "Litigation costs means money *actually spent* and obligations *actually incurred* that are directly related to the action in which a settlement offer is made." (emphasis added).

Tex. R. Civ. P. 167.4(a) provides: ". . . the court must award the offeror litigation costs against the offeree from the time the offer was rejected *to the time of judgment*." (emphasis added).

Here, the trial court correctly interpreted section 42.001(5) and Rule 167.4(a) to only allow the award of attorney's fees that had actually been spent or incurred as of the time of the trial court's judgment and therefore properly denied Cross-Appellants' request for an award of attorneys' fees for a potential appeal because such fees had not been incurred and did not meet this requirement.

In their Reply at 4-6, Cross-Appellants argue for the first time that the trial court's interpretation of section 42.001(5) and Rule 167.4(a) is erroneous because it allegedly results in Chapter 42 and Rule 167 violating the equal protection provisions of the Texas and United States Constitutions and the Texas Open Courts provisions. These arguments have been waived and need not be considered by this Court because they were never raised in the trial court or in Cross-Appellants' Brief. "Failure to object at trial that a statute is unconstitutional waives the complaint on appeal." *Garza v. State*, 04-10-00269-CR, 2011 WL 61724, at *5 (Tex. App.—San Antonio Jan. 5, 2011, pet. ref'd) (citing *Sony v. State*, 307 S.W.3d 348, 352 (Tex. App.—San Antonio 2009, no pet.)); *Karenev v. State*, 281 S.W.3d 428, 434 (Tex. Crim. App. 2009). Likewise, a litigant must raise an open-courts challenge in the trial court. *Sw. Elec. Power Co. v. Grant*, 73 S.W.3d 211, 222 (Tex. 2002) (citing *S.V. v. R.V.*, 933 S.W.2d 1, 25 (Tex. 1996) and *City of San Antonio v. Schautteet*, 706 S.W.2d 103, 104-105 (Tex. 1986)). Moreover, the rules of appellate procedure do not allow an appellant to raise an issue in a reply brief which was not included in his original brief. *Aon Risk Services Sw., Inc. v. C.L.*

*Thomas, Inc*., 13-13-00205-CV, 2014 WL 7233379, at \*4 n.9 (Tex. App.—Corpus Christi Dec. 19, 2014, no. pet. h.) (citing Tex. R. App. P. 38.3; *Dallas Cnty. v. Gonzales*, 183 S.W.3d 94, 104 (Tex. App.—Dallas 2006, pet. denied). A court of appeals will not consider arguments that are not raised in the appellant's original brief. *See Ledbetter v. Soliven*, 2-02-060-CV, 2003 WL 151968, at \*3 (Tex. App.—Fort Worth Jan. 23, 2003, pet. denied).

Additionally, Cross-Appellees' Reply at 3 and 5-7 argues that the trial court's interpretation that "the time of judgment" as used in Rule 167.4(a), means the trial court's judgment, not appellate court's judgment, is erroneous because it allegedly conflicts with and abridges substantive rights granted by Chapter 42. Again, this argument has been waived and need not be considered by this Court because it was never raised in the trial court or in Cross-Appellants' Brief. The failure to raise an issue in the trial court waives the issue on appeal. Tex. R. App. P. 33.1; *Vejara v. Levior Intern., LLC*, 04-11-00595-CV, 2012 WL 5354681, at \*7 (Tex. App.—San Antonio Oct. 31, 2012, pet. denied) ("A party to a lawsuit waives the right to raise even a constitutional claim on appeal if that claim is not presented to the trial court.").

### <u>Conclusion and Prayer</u>

Therefore, Cross-Appellees request that the Court deny Cross-Appellants' motion for leave to file their Reply and not consider the arguments presented therein because such Reply is not limited to responding only to arguments raised in Cross-Appellees' Reply, but consists entirely of new arguments challenging the validity and constitutionality of Chapter 42 and Rule 167 under the trial court's interpretation of these provisions, that were never raised in the trial court or in Cross-Appellants' Brief, and therefore were waived.

Respectfully submitted,

**KING & SPALDING LLP**

By: /s/ H. Victor Thomas
    H. Victor Thomas
    Texas Bar No. 19851500
    1100 Louisiana, Suite 4000
    Houston, Texas 77002
    Telephone: (713) 751-3200
    Facsimile: (713) 751-3290

    W. Randall Bassett
    Georgia Bar No. 41525
    King & Spalding LLP
    1180 Peachtree Street, N.E.
    Atlanta, Georgia 30309
    Telephone:  (404) 572-4600
    Facsimile:  (404) 572-5100

## CERTIFICATE OF SERVICE

I certify that on April 20, 2015, I used the Court's electronic case filing system to file this Opposition and to serve it on counsel for appellees as follows:

Doug Perrin
Mark Perrin
The Perrin Law Firm
325 N. Saint Paul St., Suite 600
Dallas, TX 75201-3828

Peter D. Marketos
Reese Gordon Marketos LLP
750 N. Saint Paul St., Suite 610
Dallas, Texas 75201

    /s/ H. Victor Thomas
    H. Victor Thomas