**Arnold SMITH, Appellant,**

**v.**

**Lee O. COLLINS, Guardian of the Person and Estate of Mrs. S. W. Collins, Appellee.**

**No. 4341.**

Court of Civil Appeals of Texas.

Waco.

April 15, 1965.

Segelquist & Lasof, Pearland, for appellant.

Little, Zorn & Girardeau, Joseph R. Zorn and Monte D. Lawlis, Baytown, for appellee.

McDONALD, Chief Justice.

This is an appeal from a summary judgment setting a deed aside on the ground of mental incompetency as a matter of law, of the grantor Mrs. S. W. Collins.

Plaintiff Lee O. Collins, Guardian of Mrs. S. W. Collins, filed this suit to set aside a deed Mrs. Collins executed on July 21, 1963, conveying 126.9 acres of land, of a value of approximately $100,000 to defendant Arnold, for a $10 consideration. Plaintiff alleged the ward was mentally incompetent on the date of the execution, and prayed for cancellation of the deed. (The pleading shows Mrs. Collins was adjudged mentally incompetent on December 4, 1963, and on such date plaintiff was appointed her guardian).

Defendant answered by general denial.

Plaintiff thereafter moved for summary judgment, attaching 8 affidavits from Mrs. Collins' 2 doctors, housekeeper, banker, minister, attorney, and 2 close friends; all of which affidavits detailed Mrs. Collins' actions, and expressed the opinion that on

July 21, 1963 she was not mentally capable of knowing or understanding the nature and effects of her acts or of managing her affairs.

Defendant filed answer to Motion for Summary Judgment asserting that there were material issues of fact for determination, and attached his own affidavit which stated that on July 21, 1963 Mrs. Collins was of sound mind and capable of understanding the nature and consequences of her acts.

The Trial Court granted plaintiff's motion for Summary Judgment and set the deed aside.

Defendant appeals, contending the Trial Court erred in granting Summary Judgment and that a genuine issue of material fact was presented as to the mental competency of Mrs. Collins at the time she executed the deed on July 21, 1963.

█ We sustain defendant's contention. Plaintiff's affidavits all express the opinion that Mrs. Collins was of unsound mind on July 21, 1963; (and any affidavit that a person was of unsound mind would be an opinion).

█ Opinion testimony does not establish any material fact as a matter of law. Hood v. Texas Indemnity Ins. Co., 146 Tex. 522, 209 S.W.2d 345.

█ Moreover, it is the duty of the court hearing the motion for summary judgment to determine if there are any issues of fact to be tried, and not to weigh the evidence or determine its credibility, and thus try the case on the affidavits. Gulbenkian v. Penn, 151 Tex. 412, 252 S.W.2d 929; Gaines v. Hamman, 163 Tex. 618, 358 S.W.2d 557.

Defendant's affidavit was that Mrs. Collins was of sound mind on the date she executed the deed.

For the Trial Court to render summary judgment that Mrs. Collins was of unsound mind, it of necessity weighed the evidence and determined its credibility, thus trying the case on the affidavits.

The record presents a fact issue as to Mrs. Collins' mental condition on July 21, 1963.

Reversed and remanded.