ESTATE of John Jasper JAMES et al.,
Appellant,

v.

Flossie Fay GANT et al., Appellee.

No. 5032.

Court of Civil Appeals of Texas,
Waco.

Aug. 12, 1971.

John L. McCraw, Jr., McCraw & Vitz,
Moses & Truett, McKinney, for appellant.

Brady, Drake & Wilson, Dallas, for appellee.

OPINION

McDONALD, Chief Justice.

This is an appeal by appellant estate from a take nothing judgment, rendered on an instructed verdict, in a suit against appellee Gant to recover moneys alleged to belong to the estate.

Appellant estate alleged John James died February 4, 1970; that for years prior to his death he was under medical treatment; had been a patient of the State Mental Institution at Terrell; that his wife died April 13, 1969; that on April 15 and April 21, 1969 James signed "certain authorization cards" on his accounts at the First National Bank in Plano and the Citizens State Bank in Richardson, containing some $28,528; that on both occasions James "was unable to understand the nature and effect of the acts in which he was engaged and the business that he was transacting as well as the probable consequences thereof". Appellant sought recovery of these moneys as assets of James Estate.

Appellee answered by general denial.

Trial was to a jury. At the conclusion of appellant's evidence, the trial court on its own motion, directed the jury to return a verdict for appellee, and thereafter rendered judgment that appellant take nothing.

Appellant appeals contending the trial court erred in "granting judgment on its motion" in that the evidence raises a fact issue as to deceased mental competency on April 15 and 21, 1969, at which times he executed the signature cards on the three bank accounts.

James committed suicide on February 4, 1970 at which time he was 72 years old. He had not been employed since 1952; had nerve treatment at Timberlawn Hospital in Dallas in 1952; went to the State Hospital in Terrell in 1962; had a long history of

nervous complaints and psychosomatic symptoms; and in 1962 was diagnosed as having "personality disturbance", "drug addiction", "schizophrenia", and "manic depressive psychosis". James' wife died April 13, 1969 after a lengthy illness.

On April 15 and 21, 1969 he executed signature cards on his existing bank accounts with appellee (who is a sister of his deceased wife), setting up "Joint account-payable to either or survivor", declaring such accounts "joint property and owned by us as joint tenants with right of survivorship * * * and upon death of either of us any balance in said account shall become the absolute property of the survivor". Appellee withdrew the money from one account five days after James' death, and the other accounts are intact pending outcome of this case.

The bank accounts were joint accounts of James and appellee, and appellee is entitled to same as survivor, unless James was mentally incompetent on April 15 and 21, 1969. Krueger v. Williams, 163 Tex. 545, 359 S.W.2d 48; Quilter v. Wendland, S. Ct., 403 S.W.2d 335; Brown v. Lane, Tex.Civ.App., Er.Ref., 383 S.W.2d 649; Estate of Reynolds v. Reynolds, Tex.Civ. App., NRE, 443 S.W.2d 601.

Don James, deceased nephew and administrator of appellant estate testified deceased was "very unstable after his wife died", was "disturbed", and "during the time immediately preceding and immediately after his wife's death * * * he did not feel deceased was capable of handling business transactions." The witness Alderson who owned a filling station where deceased "stayed around" during this period testified he "wouldn't have left him in charge of his filling station because he did not think he was qualified".

Dr. Eller, a witness called by appellant, testified he treated deceased for 15 years prior to 1969 and that all during this time he considered him mentally competent. Dr. Apple, a witness called by appellant who treated deceased for 15 years and during 1969 and 1970, testified deceased was the most nervous person he ever knew and was drug dependent, but that he did not consider him mentally incompetent at any time, and that during the year after the death of his wife he considered him mentally competent.

Appellee asserts appellant is bound by the testimony of the two doctors, and that the instructed verdict was proper.

■■■ Mental competency is a question of fact. White v. White, 141 Tex. 328, 172 S.W.2d 295. Testimony as to mental competency is an opinion, be it from an expert or from a layman. And opinion testimony does not establish any material fact as a matter of law. Hood v. Texas Indemnity Ins. Co., 146 Tex. 522, 209 S. W.2d 345; Smith v. Collins, Tex.Civ.App., NWH, 390 S.W.2d 301; Gibbs v. General Motors Corp., S.Ct., 450 S.W.2d 827; Parr v. Fortson, Tex.Civ.App., NWH, 457 S.W. 2d 137.

■■ We think a fact question was raised by the evidence as to deceased competency on April 15 and 21, 1969, and that the directed verdict was improper.

Appellant's contention is sustained.

Reversed and remanded.