**Gene BARNES et ux., Appellants,**

**v.**

**CITY OF HILLSBORO, Texas, Appellee.**

**No. 5298.**

Court of Civil Appeals of Texas, Waco.

Dec. 28, 1973.

Thorne, Thorne & Robertson, Inc. (Michael A. Robertson), Grand Prairie, for appellants.

Roy L. Barrett, Waco, for appellee.

## OPINION

JAMES, Justice.

This is a summary judgment case. Appellants Barnes and wife brought this suit against the City of Hillsboro for personal injuries allegedly sustained by Mrs. Barnes arising out of a fall upon a public sidewalk on August 12, 1972. The trial court awarded a summary judgment that Plaintiffs take nothing, because of failure of Plaintiffs to give the thirty-day notice re-quired by city ordinance, from which judgment Plaintiffs appeal. We reverse and remand.

The pertinent portion of the city ordinance in question reads as follows:

"The City of Hillsboro shall not be held responsible on account of any claim for damages to any person or property, unless the person making the complaint or claiming such damages, shall within thirty (30) days after the time at which it is claimed the injury and such damages were inflicted upon such person or property file with the City Secretary a notice in writing under oath stating the nature and character of the damages or injuries; the extent of the same and the place where same happened; the circumstances under which it happened, the conditions causing the same, with a detailed statement of each item of damages and the amount thereof."

Plaintiffs' Original Petition alleged a cause of action based on negligence for money damages. The Defendant City filed its answer setting up, among other things, the above ordinance as a defense, followed by a Motion for Summary Judgment, likewise based upon said ordinance.

The Plaintiffs thereupon came back with an amended petition, filed June 18, 1973, alleging that Plaintiff Mrs. Barnes was physically and mentally incapable of consulting with an attorney regarding the giving of notice to the city; that as soon as she was physically and mentally capable of doing so, that she did furnish a sworn notice to the city on September 28, 1972 (seventeen days after the thirty-day period had ended). Plaintiffs further alleged that in addition to the above notice, Plaintiffs' attorney furnished actual notice in the form of a letter to the city which was posted by United States mail on September 11, 1972, same being within the thirty-day period.

Hearing on the motion for summary judgment was had on June 26, 1973, and thereafter, to-wit, on July 13, 1973, the

trial court entered the summary judgment in favor of the city.

Plaintiffs appeal on four points of error; however, it is necessary that we discuss only the first point as follows: that the summary judgment proof offered by Defendant fails to establish as a matter of law that no material fact issues exist. We sustain this contention.

Defendant's summary judgment proof consisted of: (1.) the deposition of Plaintiff (Mrs.) Shirley Barnes, (2.) the affidavit of the Hillsboro City Secretary, and (3.) a sworn copy of the city ordinance in question.

The affadavit of the City Secretary showed that no written notice was received by the city during the thirty-day period, and none received until September 28, 1972.

The Defendant-Appellee City relies upon the deposition of Plaintiff Mrs. Barnes to establish as a matter of law that she (Mrs. Barnes) was physically and mentally capable of giving the required notice within the thirty-day period. Plaintiffs had raised this issue in their pleadings, and Defendant had the burden of establishing as a matter of law that Mrs. Barnes was physically and mentally capable of giving the required notice within the thirty-day period.

In our opinion, the deposition of Mrs. Barnes serves only to raise the issues of her physical and mental capabilities, within the thirty-day period in question, but falls short of establishing her capabilities as a matter of law.

The deposition shows that Mr. and Mrs. Barnes lived in Whitney, Texas, and had three children, two, eight, and nine years of age. Mr. Barnes was employed in Dallas as an iron worker.

On the occasion in which she fell on the public sidewalk, she was carrying her two year old child and had the other two children with her. She testified that she suffered a broken (left) kneecap, and injury to her right arm and back. Additionally she said she was "jolted" and shaken up by the injury, felt as if she was going to faint, and was "almost unconscious." She said her back was hurt when she was forced down "real hard" on her buttocks, immediately after falling.

After the fall, she drove from Hillsboro to Whitney, and saw two doctors. On this visit she was x-rayed, at which time they found her left kneecap to be broken. She was given pain pills and a doctor taped her leg and put a bandage around it. At the doctor's instruction she came back about a week later at which visit the doctor put her left leg in a cast. She was told to stay off her feet. She saw the doctor several times in regard to her leg.

Mrs. Barnes was in the early stages of pregnancy at the time of the fall. About two weeks after the fall, she began having problems with her pregnancy, which she described as "bleeding" and "spotting." When she began having these problems, she went in to see the doctor, at which time they ran tests to determine the status of her pregnancy. These reports did establish her pregnancy. A few days later at home she had a miscarriage. Two days after this, (which was three weeks after the fall) she went back to the doctor, at which time they confirmed that she had had a miscarriage.

She testified that she suffered considerable pain resulting from the fall, and later additional pain growing out of the pregnancy problems. She had suffered a previous miscarriage in 1967.

Her left knee still causes her stiffness and pain, and she testified, "when I start to stand up sometimes it gives with me." She says she still has muscle spasms and considerable pain in her back, at some times worse than others, and that the back pain is getting worse. She was still under a doctor's care at the time of her deposition (about six months after the fall) for her back trouble.

After the fall, she did not leave her home except for medical attention, for two or three weeks. Her husband was going back and forth each day to Dallas to his

work, and she was looking after the three children and doing her housework and cooking "part of the time." When asked why she had not filed a claim with the City within thirty days after the fall, she answered: "I just had a lot of problems to handle first. First things come first." She testified that she did talk to her lawyer within thirty days.

In our summary judgment practice, the movant has the burden of showing that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Rule 166–A, Texas Rules of Civil Procedure; Great American Reserve Insurance Co. v. San Antonio Plumbing Supply Co. (Tex. Sup.Ct.1965), 391 S.W.2d 41; Harrington v. Young Men's Christian Assn. of Houston (Tex.Sup.Ct.1970), 452 S.W.2d 423.

Notice requirements as a condition precedent to maintaining suit against a city do not apply to a person who is either so mentally or physically incapacitated that he is unable to comply therewith. The reason for excusing compliance upon proof of such facts is that notice provisions presuppose the existence of a person capable of complying. See McCrary v. City of Odessa (Tex.Sup.Ct.1972), 482 S.W.2d 151 and the cases cited on p. 153; City of Waxahachie v. Harvey (Waco, Tex.Civ.App. 1953), 255 S.W.2d 549, error refused NRE.

In the case at bar, Plaintiffs did not contradict by summary judgment proof the summary judgment proof offered by Defendant City. This was not necessary. When the movant's evidence only serves to raise a fact issue, the opponent of the motion need not offer contradictory proof. The opponent's silence does not improve the quality of a movant's evidence. Swilley v. Hughes (Tex.Sup.Ct.1972), 488 S. W.2d 64.

Here, the City's summary judgment proof, by way of the deposition of Mrs. Barnes, merely raised the issues of her physical and mental capacities to comply with the notice requirements, and did not establish them as a matter of law. In this particular, the City's summary judgment proof is insufficient to support a summary judgment.

[7, 8] Mental competency is a question of fact. White v. White (1943), 141 Tex. 328, 172 S.W.2d 295. Testimony as to mental competency is an opinion, be it from an expert or from a layman. And opinion testimony does not establish any material fact as a matter of law. Hood v. Texas Indemnity Ins. Co. (1948), 146 Tex. 522, 209 S.W.2d 345; Smith v. Collins (Waco, Tex.Civ.App.1965), 390 S.W.2d 301, no writ history; Gibbs v. General Motors Corp. (Tex.Sup.Ct.1970), 450 S.W.2d 827; Parr v. Fortson (Dallas, Tex.Civ. App.1970), 457 S.W.2d 137, no writ history; Estate of James v. Gant (Waco, Tex. Civ.App.1971), 469 S.W.2d 927, no writ history.

We accordingly reverse and remand the cause to the trial court for trial on the merits.

Reversed and remanded.