

IN THE
TENTH COURT OF APPEALS

————————————

No. 10-19-00379-CV

SHEREE FREEMAN AND PHILLIP FREEMAN,

Appellants

v.

CITY OF WAXAHACHIE, TEXAS,

Appellee

————————————

From the 40th District Court
Ellis County, Texas
Trial Court No. 97575

————————————

OPINION

————————————

In one issue, appellants, Sheree Freeman and Phillip Freeman, contend that the trial court erred when it granted appellee City of Waxahachie, Texas's (the "City") plea to the jurisdiction. We affirm.

**Background**

In their live pleading, appellants alleged negligence and gross-negligence claims against the City, noting the following, in relevant part:

9. Plaintiffs Sheree Freeman and Phillip Freeman ("Plaintiffs") . . . are residents of Waxahachie, Texas. On December 31, 2016[,] at approximately 11:30 a.m., Mrs. Freeman sustained serious bodily injuries as the result of a defective and dangerous condition existing on Buffalo Creek Drive in Waxahachie, Texas, a roadway owned, controlled and maintained by the City (the "Roadway") when she stepped on the side of the Roadway that was covered over with leaves and her foot slid into the curb opening and drainage inlet at that location.

10. The Roadway in question has a storm gutter, concrete throat, curb opening and drop inlet located on the northern edge of Buffalo Creek Drive immediately south of the intersection with Indian Trace Lane that is used for drainage purposes (the "Drainage System"). The Drainage System was supposed to be constructed by the City in accordance with design detail for a standard drainage inlet approved by the City[1]. . . .

11. The Drainage System, as built, did not conform to the applicable design detail and plans but contained construction defects. . . .

12. The City was responsible for the construction and maintenance of the Roadway and Drainage System to ensure that it was built and maintained in accordance with a standard inlet design detail approved by the City.

13. However, the City failed to construct the Roadway and Drainage System in accordance with its approved inlet detail and plans and/or failed to comply with its responsibility to ensure that it was so constructed and maintained in accordance with such design and plans. As a result of such failure, the as-built Roadway surface and Drainage System had several construction defects, including but not limited to the concrete throat along the front of the drainage inlet was not built as designed and had improper dimensions, such throat was improperly built with a crowned surface, and the inlet opening was too steep and built to improper dimensions. Such defects in the construction of the Drainage System posed an unreasonable danger and risk of serious injury and harm to members of the public using the Roadway, including Plaintiffs. Such defective and dangerous conditions were apparent to and known by the City at the time of its construction and/or when performing maintenance on the Roadway and Drainage System and prior to the incident made the basis of this lawsuit.

---

[1] The record reflects that the drainage inlet in question was constructed in 1979.

. . .

17.  The unreasonably dangerous conditions existing on the premises at issue herein were created and/or caused by the City's own conduct and knowledge before the incident in question occurred, and the City had actual knowledge of the defective and dangerous conditions at issue herein a sufficient time prior to the incident made the basis of this lawsuit that it could have remedied such conditions or provided an adequate warning of the danger to Plaintiffs.

Appellant further asserted that the City's sovereign immunity was waived under sections 101.021 and 101.0215(a) of the Texas Tort Claims Act (the "Act").  *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 101.021, 101.0215(a).

The City responded to appellants' suit by filing a plea to the jurisdiction, original answer, and assertion of defenses, including, among other things, governmental immunity and lack of pre-suit notice.  In support of its plea to the jurisdiction, the City filed a brief contending that the City is entitled to governmental immunity; appellants' claims are jurisdictionally barred due to lack of timely pre-suit notice; that the design and construction of the drainage inlet in question are discretionary matters for which the City's immunity is not waived; the City did not have actual knowledge of the alleged defects; and the alleged dangerous condition, if any, was open and obvious such that the City did not owe a legal duty to appellants.  The City also attached an affidavit of City Secretary Lori Cartwright, appellants' pre-suit notice letter dated March 24, 2017, and an affidavit of Public Works Director Jeff Chambers to its plea to the jurisdiction.  Appellants

filed a response to the City's plea to the jurisdiction and attached numerous documents to their response.

The trial court granted the City's plea to the jurisdiction.

**Notice**

We review the disposition of a jurisdictional plea de novo. *Suarez v. City of Tex. City*, 465 S.W.3d 623, 632 (Tex. 2015). The plaintiff bears the initial burden of affirmatively demonstrating the court's jurisdiction by alleging a valid waiver of immunity. *Dallas Area Rapid Transit v. Whitley*, 104 S.W.3d 540, 542 (Tex. 2003). If a plea to the jurisdiction challenges the existence of jurisdictional facts, we consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues raised. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 227 (Tex. 2004). If the evidence creates a fact question regarding the jurisdictional issue, then the trial court cannot grant the plea to the jurisdiction, and the fact issue will be resolved by the factfinder. *Id.* at 227-28. If the relevant evidence is undisputed or fails to raise a fact question on the jurisdictional issue, the trial court rules on the plea to the jurisdiction as a matter of law. *Id.* at 228.

In general, governmental entities are immune from suits seeking to impose tort liability on them. *City of San Antonio v. Tenorio*, 543 S.W.3d 772, 775 (Tex. 2018). Absent a waiver, immunity deprives trial courts of subject-matter jurisdiction. *Id.* The TTCA provides a waiver of immunity for certain personal injuries "so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private

person, be liable to the claimant according to Texas law." TEX. CIV. PRAC. & REM. CODE ANN. § 101.021(2). A prerequisite for that waiver of immunity is timely providing the governmental unit with a notice of claim. *Tenorio*, 543 S.W.3d at 775 (citing *City of Dallas v. Carbajal*, 324 S.W.3d 537, 537-38 (Tex. 2010)). Under the TTCA, a governmental unit must be given written notice of a claim against it "not later than six months after the day that the incident giving rise to the claim occurred." TEX. CIV. PRAC. & REM. CODE ANN. § 101.101(a). However, claimants must also comply with any proper time requirements for notice that a city has adopted by charter or ordinance. *See id.* § 101.101(b) ("A city's charter and ordinance provisions requiring notice within a charter period permitted by law are ratified and approved."); *see also Tenorio*, 543 S.W.3d at 775. The purpose of the notice requirement is to ensure prompt reporting of claims in order to enable governmental units to gather information necessary to guard against unfounded claims, settle claims, and prepare for trial. *Cathey v. Booth*, 900 S.W.2d 339, 341 (Tex. 1995) (per curiam).

The City's charter requires written notice of claim within sixty days after the injury or damage is sustained. *See* WAXAHACHIE, TEX., CITY CHARTER art. 10, § 10.05, https://library.municode.com/tx/waxahachie/codes/code_of_ordinances?nodeId=CH_A RTXGEPR; *see also* DEFENDANT THE CITY OF WAXAHACHIE'S BRIEF IN SUPPORT OF ITS PLEA TO THE JURISDICTION, Exhibit A.[2] It is undisputed that appellants did not provide written

---

[2] Specifically, article 10, section 10.05 of the City's charter provides that:

Freeman, et al. v. City of Waxahachie, Tex.                                                                Page 5

notice of their claims within sixty days after Mrs. Freeman sustained her injuries.[3]

Instead, appellants contend that the City's sixty-day notice provision violates the Open

Courts Clause of the Texas Constitution, *see* TEX. CONST. art. I, § 13; that the evidence

demonstrates that Mrs. Freeman was incapable of providing notice of her claim within

sixty days of the incident; and that notice was not necessary because the City of

Waxahachie had actual notice of her claim.

We first address appellants' contention that the notice provision in the City's

charter violates the Open Courts Clause of the Texas Constitution and, thus, is

unconstitutional. *See* TEX. CONST. art. I, § 13 (providing that "[a]ll courts shall be open,

and every person for an injury done him, in his lands, goods, person or reputation, shall

have remedy by due course of law"). In support of this argument, appellants rely heavily

on three cases. *See generally Fitts v. City of Beaumont*, 688 S.W.2d 182 (Tex. App.—

---

The city shall not be held responsible on account of any claim for damages to any person or property unless the party making such complaint or claiming such damages shall, within sixty days after the time at which it is claimed such damages were inflicted, file with the city secretary a true statement under oath as to the nature and character of such damages or injuries, the extent of same, the date, time and place where same happened, the circumstances and conditions causing same, with a detailed statement of each item of damages and the amount thereof; and it if be for personal injuries, a list of the witnesses who witnessed such occurrence.

*See* WAXAHACHIE, TEX., CITY CHARTER art. 10, § 10.05, https://library.municode.com/tx/waxahachie/codes/code_of_ordinances?nodeId=CH_ARTXGEPR; *see also* DEFENDANT THE CITY OF WAXAHACHIE'S BRIEF IN SUPPORT OF ITS PLEA TO THE JURISDICTION, Exhibit A.

[3] Appellants alleged that Mrs. Freeman sustained the complained-of injuries on December 31, 2016, and the record shows that appellants did not notify the City of the injuries until March 24, 2017—eighty-three days after the incident.

Beaumont 1985, writ ref'd n.r.e.); *Schautteet v. City of San Antonio*, 702 S.W.2d 680 (Tex. App.—San Antonio 1985), *writ ref'd n.r.e.*, 706 S.W.2d 103 (Tex. 1986) (per curiam); *Borne v. City of Garland*, 718 S.W.2d 22 (Tex. App.—Dallas 1986, writ ref'd n.r.e.). Each of these cases held that notice periods contained in city charters that are shorter than the six-month notice period established in section 101.101(a) of the TTCA are unreasonable and unenforceable. *See Fitts*, 688 S.W.2d at 184-85; *Schautteet*, 702 S.W.2d at 682; *Borne*, 718 S.W.2d at 24.

However, *Fitts*, *Schautteet*, and *Borne* all pre-date amendments made in 2005 to section 311.034 of the Texas Government Code, which conclusively established that pre-suit notice requirements are jurisdictional requirements in all suits against a governmental entity. *See* TEX. GOV'T CODE ANN. § 311.034 ("Statutory prerequisites to a suit, including the provision of notice, are jurisdictional requirements in all suits against a governmental entity."); *see also Prairie View A&M Univ. v. Chatha*, 381 S.W.3d 500, 511 (Tex. 2012) (stating that the 2005 amendments to section 311.034 of the Texas Government Code "evinces the Legislature's intent that all statutory prerequisites are now jurisdictional requirements as to governmental entities and are properly asserted in a plea to the jurisdiction"). And given that section 101.101(b) of the TTCA statutorily ratifies and approves of notice provisions contained in a City charter, appellants' reliance on *Fitts*, *Schautteet*, and *Borne* is misplaced. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.101(b); *see also Tenorio*, 543 S.W.3d at 775 (citing section 101.101(b) of the TTCA and

noting that "[c]laimants must also comply with any proper time requirements for notice that a city has adopted by charter or ordinance").

With respect to appellants' contention that Mrs. Freeman was incapable of providing notice of her claim in compliance with the City's charter, appellants direct us to their response to the City's plea to the jurisdiction. Attached to appellants' response is a declaration from Mrs. Freeman, wherein she stated that

> I was injured on December 31, 2016, at approximately 11:30 A.M. in the City of Waxahachie (the "City") at or near the intersection of Buffalo Creek Drive and Indian Trace Lane in the Indian Hills subdivision when I slipped or fell on a drainage inlet opening (the "Incident"). As a result of the Incident, I sustained very serious and debilitating injuries, including a broken tibial plateau and crushed knee cap [sic] on my right leg. Following the Incident I underwent medical treatment at Methodist Hospital in Mansfield, Texas, followed by surgery on or about January 8, 2017 at Baylor University Medical Center in Dallas, Texas. I remained hospitalized for two days following surgery before returning home. I was unable to walk again on my own power for approximately nine months following the Incident.

> Upon returning home after my surgery, I was completely immobile and homebound until mid-March 2017. During that time I was also experiencing intense pain, swelling, and tenderness in my leg and was under the influence of pain medication. During such time I was totally dependent on my husband Phillip Freeman to help me perform my normal activities of daily living, which made it physically impossible to obtain legal advice or notify the City concerning my claim within sixty days following the Incident. . . . I was not physically capable of leaving my house until March 10, 2017, and on that date I did so to consult with an attorney concerning the Incident. At that time I was still in significant pain due to my injuries and was wheelchair-bound, and only with great difficulty was my husband able to assist me in leaving the house for the consultation. Upon the completion of such consultation and preliminary investigation into the Incident, written notice regarding the Incident was provided to the City on my behalf on March 24, 2017.

When considering evidence presented in response to a plea to the jurisdiction, a court must "take as true all evidence favorable to the nonmovant" and "indulge every reasonable inference and resolve any doubts in the nonmovant's favor." *Miranda*, 133 S.W.3d at 228. If evidence does create a fact question on a jurisdictional issue the trial court cannot grant the plea to the jurisdiction. *Id.* at 227–28. The fact issues will then need to be resolved by the finder of fact. *Id.* at 228. However, if the relevant evidence is undisputed or fails to raise a fact question on the jurisdictional issue, the trial court rules on the plea to the jurisdiction as a matter of law. *Id.*

The fact that Mrs. Freeman sustained a broken tibial plateau and crushed knee cap; underwent surgery; was unable to walk under her own power for approximately nine months; was completely immobile and homebound until mid-March 2017 during the notice period; was under the influence of pain medication during the notice period; was not physically capable of leaving her home until March 10, 2017, after the notice period had expired; and was totally dependent on her husband; even when taken as true Mrs. Freeman's declaration does not raise a fact question on the jurisdictional issue of notice because she was not required to do "an impossible thing."[4] *See Yancy v. United Surgical Partners, Int'l, Inc.*, 236 S.W.3d 778, 785-86 (Tex. 2007).

---

[4] To the extent that *Barnes v. City of Hillsboro*, 504 S.W.2d 939, 942 (Tex. Civ. App.—Waco 1973, no writ), and *City of Waxahachie v. Harvey*, 255 S.W.2d 549, 551 (Tex. Civ. App.—Waco 1953, writ ref'd n.r.e.), could be considered inconsistent with this holding, they are overruled. In doing so, we note that these cases predated the Legislature's amendments to the statute in 2005, that changed the landscape with regard to notice provisions in City Charters and ordinances, and the 2007 decision of the Texas Supreme Court in *Yancy* interpreting those legislative changes.

Furthermore, there is no evidence in this record suggesting that appellants' failure to comply with the sixty-day notice provision of the City's charter was due to any act or omission by the City such that equitable estoppel would apply. *See City of White Settlement v. Super Wash, Inc.*, 198 S.W.3d 770, 774-75 (Tex. 2006) (stating that equitable estoppel to pre-suit notice provisions applied only when the City made misleading statements).

Regarding appellants' actual-notice contention, we note that, under section 101.101(c) of the Texas Civil Practice and Remedies Code, the written notice requirements in the TTCA do not apply if a governmental unit has actual notice. *Tenorio*, 543 S.W.3d at 776. "Knowledge that a death, injury, or property damage has occurred, standing alone, is not sufficient to put a governmental unit on actual notice for TTCA purposes." *Id.* (citing *Cathey*, 900 S.W.2d at 341). To have actual notice, a governmental unit must have the same knowledge that it is entitled to receive under the written notice provisions of the TTCA. *Id.* (citing *Tex. Dep't of Criminal Justice v. Simons*, 140 S.W.3d 338, 347 (Tex. 2004)). "A governmental unit has actual notice under the TTCA if it has subjective knowledge of (1) a death, injury, or property damage; (2) the governmental unit's fault that produced or contributed to the death, injury, or property damage; and (3) the identity of the parties involved." *Id.* (citing *Cathey*, 900 S.W.2d at 341). "[T]he actual notice provision requires that a governmental unit has subjective awareness that its fault, as ultimately alleged by the claimant, produced or contributed to the claimed injuries." *Id.*

Whether a governmental unit has actual notice of a death, injury, or property damage is a fact question when the evidence is disputed, but it is a question of law when the evidence is undisputed. *Id.* (citing *Simons*, 140 S.W.3d at 348).

In this case, even if the City could be said to have notice that the drainage opening was potentially dangerous as built, a holding we expressly decline to make, there is nothing to suggest that the City was aware of Mrs. Freeman's injuries or that the appellants attributed those injuries to the alleged defective condition of the City's drainage opening until the March 24, 2017 notice letter, which came too late to provide the required notice.

Appellants have failed to present evidence that the City had timely received the required notice of their claim. *See Tenorio*, 543 S.W.3d at 776-78; *Carbajal*, 324 S.W.3d at 538-39; *Simons*, 140 S.W.3d at 347-48. Therefore, we conclude that the trial court did not err in granting the City's plea to the jurisdiction. Appellants' sole issue on appeal is overruled.[5]

**Conclusion**

We affirm the judgment of the trial court.

TOM GRAY
Chief Justice

---

[5] Our resolution of this argument makes it unnecessary for us to reach appellants' remaining arguments regarding waiver of governmental immunity.

Before Chief Justice Gray,
     Justice Johnson,
     and Justice Rose[6]

Affirmed

Opinion delivered and filed October 20, 2021

[CV06]



---

[6] The Honorable Jeff Rose, Former Chief Justice of the Third Court of Appeals, sitting by assignment of the Chief Justice of the Texas Supreme Court. *See* TEX. GOV'T CODE §§ 74.003, 75.002, 75.003.