

# Fourth Court of Appeals
## San Antonio, Texas

**DISSENTING OPINION**

No. 04-23-00069-CV

John J. **PARKER** Jr.,
Appellant

v.

**OHIO DEVELOPMENT, LLC**,
Appellee

From the 451st Judicial District Court, Kendall County, Texas
Trial Court No. 12-298A
Honorable Kirsten Cohoon, Judge Presiding

Opinion by:     Lori I. Valenzuela, Justice
Dissenting Opinion by: Rebeca C. Martinez, Chief Justice

Sitting:        Rebeca C. Martinez, Chief Justice
                Liza A. Rodriguez, Justice
                Lori I. Valenzuela, Justice

Delivered and Filed: April 30, 2024

It is undisputed that John J. Parker, Jr. did not preserve his second issue — that the trial court erred in considering evidence attached to Ohio Development, LLC's answer and referenced in its Rule 91a motion to dismiss — and that Parker failed to brief why he is entitled to a preservation exemption. And yet, the majority constructs a new preservation exemption that he never sought. This holding directly conflicts with two of our sister courts, and it indirectly conflicts with this court's holdings that an appellant must preserve error relating to other provisions in Rule 91a. In analyzing Parker's third issue — that the Texas Business Organizations Code confers on

him derivative capacity to maintain his claims against Ohio Development — the majority shifts from Parker's appellate argument — that presumed he prevailed on his unpreserved second issue — to an argument that it fashions on its own. In doing so, the majority ignores the alternative basis rule and misreads the capacity ground that Ohio Development presented below. I would overrule Parker's second and third issues on waiver and affirm. Because the majority does otherwise, I respectfully dissent.

## I. BACKGROUND

According to Parker's fourth petition, he had ownership interests in a golf club, resort, and hotel, collectively known as Tapatio Springs, and in Kendall County Development Company, Ltd. ("KCDC"). Parker alleged that on October 1, 2005, Lynzara-Austin Real Estate Management, LLC, an entity managed by Michael Shalit, acquired a "1% interest in KCDC and became General Partner of KCDC." As background, Parker alleged:

> In the northwestern portion of the Tapatio Springs development sits an undeveloped area consisting of approximately 370 acres. Lakeland West Capital owned the note on the parcel. The note came due and the note holder refused to re-finance, despite Parker paying over $200,000 towards principal reduction. Ultimately, Ohio Development purchased the note from Lakeland West and the note was [sic] into foreclosure.

> The property was posted for foreclosure and the foreclosure sale was set for February 13, 2014 on the steps of the Kendall County Courthouse. When the sale began, Shalit appeared with a check which would bring the note current and stop the proceedings.

> Shalit and the substitute trustee, William Harmeyer, went inside the Courthouse to work out the details of the sale. Apparently, the check was yet another fraud. Several hours after Shalit first presented the check, Shalit and the Trustee then went out a side door of the Courthouse and auctioned the property. The rest of the bidders had either already left or were waiting at the proper normal auction location, so there was only one bidder for the property. Ohio Development purchased the note at the auction, in what William Harmeyer called a "friendly foreclosure."

> Based on newly acquired information, it appears Ohio Development is merely a shell corporation controlled by Shalit. In effect, Shalit, in conjunction with Harmeyer defrauded KCDC out of the 370 acres.

Within months of foreclosing on the property, Ohio Development granted Shalit individually an option to repurchase the property.

Then in 2017, Shalit deeded more property from KCDC to Ohio Development with no rendition of actual consideration being paid by Ohio Development to KCDC.

Under the "Causes of Action" section of Parker's fourth amended petition, he alleged claims for: (1) breach of fiduciary duty; (2) breach of contract; (3) statutory fraud under section 27.01 of the Texas Business and Commerce Code; and (4) conspiracy to commit fraud. The causes of action section, however, fails to mention Ohio Development by name.

Ohio Development answered Parker's fourth petition with a general denial, and it pleaded that his claims were barred by the applicable statute of limitations. Ohio Development also filed a motion to dismiss under Texas Rule of Civil Procedure 91a. Ohio Development's Rule 91a motion argued, among other things, that Parker lacked standing and capacity to maintain a derivative claim on KCDC's behalf. To advance this argument, Ohio Development referenced two orders, attached to its answer, that appointed a receiver and successor receiver, respectively, signed by the same trial court that presided over the Rule 91a dismissal motion (collectively the "receivership orders"). The most recent receivership order provides in relevant part:

> IT IS ORDERED that the following property ("Receivership Property") is subject to the receivership and said receivership specifically extends over the following entities, assets, and interests:
>
> a.    The assets, liabilities and claims of any of the entities jointly owned by either the individuals John Jay Parker, Jr and Michael Shalit or entities controlled by the same two individuals, specifically including the assets, liabilities and claims of the following entities ("Receivership Entities"): . . . [KCDC]
>
> . . .
>
> b.    All assets and operations of the Receivership Entities including but not limited to the following: . . . All claims, causes of action, lawsuits, and judgments held by the Receivership Entities.

Ohio Development's Rule 91a motion emphasized provisions in the receivership orders that granted the receiver "authority over essentially the entirety of the assets, claims, potential awards, [and] liabilities . . ." of KCDC. It argued that "[w]ithout authority received from either the Successor Receiver or [the trial court], [Parker] lack[ed] capacity to bring or prosecute [the underlying] lawsuit against [Ohio Development], and therefore the claims pled by [Parker] against [Ohio Development] are baseless and must be dismissed." Ohio Development also asserted that Parker's claims relating to the February 2014 foreclosure sale were barred by the four-year statute of limitations.

Thereafter, Parker filed his fifth amended — and live — petition, which asserted that he had derivative capacity to maintain claims on KCDC's behalf. Specifically, Parker pleaded:

> Parker was a limited partner at all times relevant to this lawsuit in KCDC. Pursuant to Texas Business Organizations Code § 153.402, Parker has standing to bring derivative claims on behalf of KCDC. Pursuant to TEX. BUS. ORG. CODE § 153.401, it is unlikely the general partner of KCDC, being Mr. Shalit, would bring these claims since he is named as being liable for this conspiracy against KCDC. Additionally, the Court appointed Successor Receiver has indicated to the undersigned she would rather not bring these claims. Thus, the derivative action on behalf of KCDC is the only way Parker is able to redress the partnership's claims against Shalit and Ohio Development. TEX. BUS. ORG. CODE § 153.403.

In a section titled "Fraud—Conspiracy/Shalit & Ohio Development Derivative Claims Brought on Behalf of KCDC," Parker's fifth amended petition asserted:

> As described above, Ohio Development purchased the real estate lien note from Lakeland West Capital in the fall of 2013; just weeks after Shalit took out a $650,000 note from Amboy Bank in New Jersey.

> Shortly after buying the note, Ohio Development named William Harmeyer as its substitute trustee and began foreclosure proceedings. Harmeyer and Shalit had worked out a deal where the sale would start and Shalit would appear with a check, so the sale would be stopped. The check was a fraud, and the sale would go forward after all the bidders left.

> Ohio Development bid in its debt to purchase the property[,] depriving KCDC of the actual auction value of the property. As further evidence of its conspiracy,

shortly after purchasing the property, Ohio Development gave Shalit an option to purchase the property at a discount off its fair market value.

Shalit and Ohio Development conspired to defraud KCDC out of the money it would have received at a fair auction of the property.

Later in Parker's fifth amended petition, he alleged that "Defendants Shalit and Ohio Development conspired together to defraud KCDC out of the fair market value of its property. KCDC has been damaged by the actions of Shalit and Ohio Development." Parker filed a Rule 91a response, but in it, most notably, he did not object to Ohio Development's reliance on the receivership orders in its Rule 91a motion to dismiss.

Ohio Development stood on its initially filed Rule 91a motion to dismiss, and the trial court signed an order granting it.

## II. PRESERVATION

In Parker's second issue, he complains — for the first time on appeal — that the trial court erred in considering evidence attached to Ohio Development's answer. The majority exempts Parker from the preservation requirement in Texas Rule of Appellate Procedure 33.1(a). *See* TEX. R. APP. P. 33.1(a). This exemption directly conflicts with recent decisions by two of our sister courts, it indirectly conflicts with at least three of this court's prior holdings, and it ignores generally applicable error preservation and briefing-waiver rules.

### A. Appellate Arguments

In Parker's second issue, he complains that the trial court erred if it considered the receivership orders in contravention of Rule 91a. The only authority Parker references is *Southern California Sunbelt Developers, Inc. v. Grammer*, No. 03-19-00192-CV, 2019 WL 7342249, at *15 (Tex. App.—Austin Dec. 31, 2019, pet. denied) (mem. op.), for its basic proposition that "the trial court is not to consider evidence in ruling on the [Rule 91a] motion." Parker does not identify

how he preserved this error, or alternatively, how he is exempt from Rule 33.1(a)'s preservation requirement.

Ohio Development responds by arguing that (1) Parker failed to preserve his complaint by not objecting to Ohio Development's references to the receivership orders in its Rule 91a motion; (2) the receivership orders constitute "records" and "other written instruments" under Texas Rules of Civil Procedure 91a.6[1] and 59,[2] and therefore, may be considered; and (3) "if the trial court may consider a defendant's pleadings in adjudicating a Rule 91a Motion, it most certainly may consider its previously entered [o]rders."[3]

## B.      The Majority's Preservation Exemption

The majority does not dispute that Parker failed to preserve his second issue in the trial court, and that on appeal, he fails to explain how he is exempt from Rule 33.1(a)'s preservation requirement.  Nevertheless, the majority relieves Parker from Rule 33.1 by fashioning a complex legal argument that is untethered to the briefing.[4]  *Cf. Canton-Carter v. Baylor Coll. of Med.*, 271

---

[1] Texas Rule of Civil Procedure 91a.6 provides in relevant part that "the court may not consider evidence in ruling on the motion and must decide the motion based solely on the pleading of the cause of action, together with any pleading exhibits permitted by Rule 59."  TEX. R. CIV. P. 91a.6

[2] Texas Rule of Civil Procedure 59 provides:

> Notes, accounts, bonds, mortgages, records, and all other written instruments, constituting, in whole or in part, the claim sued on, or the matter set up in defense, may be made a part of the pleadings by copies thereof, or the originals, being attached or filed and referred to as such, or by copying the same in the body of the pleading in aid and explanation of the allegations in the petition or answer made in reference to said instruments and shall be deemed a part thereof for all purposes.  Such pleadings shall not be deemed defective because of the lack of any allegations which can be supplied from said exhibit.  No other instrument of writing shall be made an exhibit in the pleading.

TEX. R. CIV. P. 59.

[3] The majority considers Parker's objection for the first time on appeal; however, it ignores Ohio Development's responsive arguments.

[4] Texas Rule of Appellate Procedure 33.1(a) provides:

> (a) *In General*.  As a prerequisite to presenting a complaint for appellate review, the record must show that:
> > (1)      the complaint was made to the trial court by a timely request, objection, or motion that:

S.W.3d 928, 931–32 (Tex. App.—Houston [14th Dist.] 2008, no pet.) ("It is not this court's duty to review the record, research the law, and then fashion a legal argument for appellant when she has failed to do so."). The majority bases its holding on our *de novo* standard of review and guidance provided in *Bethel v. Quilling, Selander, Lownds, Winslett & Moser*, P.C., 595 S.W.3d 651, 654 (Tex. 2020). However, both are unavailing.

Our *de novo* standard of review does not provide the preservation exemption that the majority employs. As with a trial court's ruling on a motion to dismiss under Texas Rule of Civil Procedure 91a, we review a trial court's ruling on a summary judgment motion *de novo*. *See Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005) (citing *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003)). However, preservation is essential even in a *de novo* review of a summary judgment — and by extension, a Rule 91a motion to dismiss. *See AAA Free Move Ministorage, L.L.C. v. Latigo Properties, Inc.*, No. 04-14-00075-CV, 2015 WL 1120330, at *2 (Tex. App.—San Antonio Mar. 11, 2015, no pet.) (holding that the objection to entry of final judgment was sufficient preservation of error for a Rule 91a nonmovant). In *Cincinnati Life Insurance Company v. Cates*, 927 S.W.2d 623, 624 (Tex. 1996), the defendants moved for summary judgment on four separate grounds. The trial court granted the summary judgment on two of the grounds presented and expressly denied the remaining grounds. *Id*. On appeal, the Texas Supreme Court recognized that "courts of appeals should consider all summary

---

(A)     stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context; and
(B)     complied with the requirements of the Texas Rules of Evidence or the Texas Rules of Civil or Appellate Procedure; and
(2)     the trial court:
(A)     ruled on the request, objection, or motion, either expressly or implicitly; or
(B)     refused to rule on the request, objection, or motion, and the complaining party objected to the refusal.

TEX. R. APP. P. 33.1(a).

judgment grounds the trial court rules on and the movant *preserves* for appellate review that are necessary for final disposition of the appeal when reviewing a summary judgment" and "the appellate court may consider other grounds that the movant *preserved* for review and trial court did not rule on in the interest of judicial economy." *Id*. at 626 (emphasis added). With limited exceptions, the same preservation requirements burden a summary judgment nonmovant. *See City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678–79 (Tex. 1979) (concluding that, with the exception of issues challenging the legal sufficiency of movant's summary judgment proof, issues not expressly presented to the trial court in a written response shall not be considered as grounds for reversal on appeal). Under *Cincinnati Life Insurance*, the majority cannot use our *de novo* standard of review to exempt Parker from Rule 33.1(a)'s preservation requirement. *See* 927 S.W.2d at 624.

The majority's reliance on *Bethel*, 595 S.W.3d at 654, is similarly misplaced. Before *Bethel* reached the Texas Supreme Court, the Fifth Court of Appeals observed:

> In her first issue, Bethel asserts the plain language of rule 91a limits the scope of a court's review to the plaintiff's pleading. Because an affirmative defense is not part of a plaintiff's pleading, she argues, it cannot serve as a basis for dismissal. Consequently, she concludes, the trial court erred by granting appellees' motion on the basis of the affirmative defense of attorney immunity.

> Initially, we note that Bethel did not present this particular issue to the trial court in her response to the motion to dismiss; rather, her response argued only that appellees' conduct constituted a crime for which attorney immunity should not apply. Preservation of error reflects important prudential considerations recognizing that the judicial process benefits greatly when trial courts have the opportunity to first consider and rule on error. Affording courts this opportunity conserves judicial resources and promotes fairness by ensuring that a party does not neglect a complaint at trial and raise it for the first time on appeal. Because Bethel did not present this issue to the trial court below, we conclude it is waived.

*Bethel v. Quilling, Selander, Lownds, Winslett & Moser, P.C.*, 581 S.W.3d 306, 309 (Tex. App.—Dallas 2018) (citations omitted), *aff'd*, 595 S.W.3d 651, 654 (Tex. 2020). Nevertheless, the Fifth

Court of Appeals assumed Bethel's first issue was properly before it and analyzed it. *Id*. On review, the Texas Supreme Court noted:

> The court of appeals also concluded that Bethel perhaps waived the Rule 91a argument, but the court addressed the merits of the argument anyway. In this Court, the parties agree that Bethel did not waive the argument and urge the Court to reach the Rule 91a question on the merits.

*Bethel*, 595 S.W.3d at 654, n.2 (citation omitted). Accordingly, the analysis that followed this footnote — and on which the majority relies — was premised on a basic notion of error preservation, which the parties agreed had been satisfied.

In applying *Bethel*, the majority notes that "there is no indication in the record [that] the trial court exceeded its authority by considering anything beyond factual allegations asserted in the fifth amended petition[.]" *Parker v. Ohio Development, LLC*, No. 04-23-00069-CV, Slip Op., 11 (Apr. 30, 2024, no pet. h.). However, every indication suggests that the trial court considered Ohio Development's entire motion. Ohio Development titled its motion: "Ohio Development, LLC's Rule 91a Motion to Dismiss Re: Baseless Causes of Action." The trial court's dismissal order provides in relevant part that "Defendant Ohio Development, LLC's Rule 9la Motion to Dismiss re: Baseless Causes of Action is hereby GRANTED." This statement establishes that the trial court considered Ohio Development's entire Rule 91a motion to dismiss, which in turn, referenced and quoted the receivership orders appended to Ohio Development's answer. The majority continues to err when it writes that "*properly considered*, the answer was not 'evidence' prohibited by Rule 91a.6[,]" and that "Parker need not have—*and could not have successfully*—objected to the legal inquiry of whether capacity was properly before the trial court." *Id*. at 11–12 (emphasis added). True enough — an answer is not evidence — but Ohio Development argued not only that its answer raised the affirmative defense of capacity to bring the matter before the court but also that the receivership orders attached to the answer was competent evidence to

establish that affirmative defense. Most significantly, Parker did not object to that evidence, and Ohio Development does not concede that error was preserved. Under these circumstances, *Bethel* provides no guidance. Again, *Bethel* concerned only an answer — and not also evidence attached to an answer, and error-preservation was conceded. *See Bethel*, 595 S.W.3d at 654, n.2. As it stands, the majority's holding grants Rule 91a nonmovants access to fundamental error review without any of the attendant analysis.[5] This is not an outcome sanctioned by *Bethel* or by the Texas Supreme Court.

## C.  An Unnecessary Conflict

In *Owings v. Kelly*, No 07-20-00115-CV, 2020 WL 6588610, at *1 (Tex. App.—Amarillo Nov. 10, 2020, no pet.) (mem. op.), Kelly filed a Rule 91a motion to dismiss Owings's claims on the ground that they were barred by res judicata. At the hearing, the trial court asked Kelly for a copy of a previously signed judgment that formed the basis of Kelly's res judicata defense. *Id*. The trial court granted Kelly's motion to dismiss. *Id.* On appeal, Owings argued that "Rule 91a was never intended to resolve factual and legal issues related to an affirmative defense [i.e., res judicata] presented by a Defendant, especially when the Defendant carries the burden of proof, thus requiring evidence — that is not allowed in a Rule 91a Motion to Dismiss." *Id*. at *2. The court responded to Owings's argument by noting the fact that "the [trial] court requested evidence (i.e., the prior judgment) at the hearing is rather clear. Equally clear is that [Owings] failed to object to the request. So, any complaint [he] had regarding the court's request was and is waived."

---

[5] I note that we have recognized that "[t]he only exceptions to the preservation requirement of Rule 33.1(a) in civil cases are rare instances of 'fundamental error,' which the supreme court has held includes cases in which the face of the record shows the court lacked jurisdiction or in certain types of error in juvenile delinquency cases." *Marin Real Estate Partners, L.P. v. Vogt*, 373 S.W.3d 57, 92 (Tex. App.—San Antonio 2011, no pet.) (citing *In re B.L.D.*, 113 S.W.3d 340, 350 (Tex. 2003)). We have also recognized that "[e]ven constitutional error can be waived if not raised in the trial court." *Id.* at 92 (citing *In re L.M.I.*, 119 S.W.3d 707, 711 (Tex. 2003); *City of San Antonio v. Schautteet*, 706 S.W.2d 103, 104 (Tex. 1986) (per curiam)). The majority does not discuss these standards.

*Id*. at \*2 n.1 (citing *Thomas v. Logic Underwriters, Inc.*, No. 02-16-00376-CV, 2017 WL 5494386, at \*5 (Tex. App.—Fort Worth Nov. 16, 2017, pet. denied) (mem. op.)).

In *Southwest Airlines Pilots Association v. Boeing Company*, No. 05-21-00598-CV, 2022 WL 16735379, at \*2 (Tex. App.—Dallas Nov. 7, 2022, pet. filed) (mem. op.), Boeing attached to its answer the Association's prior petition and an order dismissing with prejudice the claims asserted in the Association's prior petition. Boeing then filed a Rule 91a motion to dismiss on the ground that the Association's most recent claims were barred by res judicata. *Id*. The trial court granted Boeing's motion to dismiss. *Id*. On appeal, the Association argued that the trial court could not consider the exhibits attached to Boeing's answer. *Id*. at \*7. Boeing responded by arguing that the Association did not object to Boeing's contention that the trial court could consider the exhibits. *Id*. The court rejected Boeing's argument, writing:

> [The Association's] response to the motion to dismiss quotes Rule 91a.6 and states: "In ruling on a Rule 91a motion, a court 'may not consider evidence . . . and must decide the motion based solely on the pleading of the cause of action.'" (Citing TEX. R. CIV. P. 91a.6 and *Bethel v. Quilling, Selander, Lownds, Winslett & Moser*, P.C., 595 S.W.3d 651, 654 (Tex. 2020)). This statement of the standard of review should have been sufficient to call to the trial court's attention that in determining the applicability of Boeing's defense, the court could not consider evidence nor anything outside [the Association's] petition. [The Association] also stated, "Boeing's Motion is based solely on its affirmative defense unsupported by the pleadings." This assertion notified the trial court that Boeing's motion was not based on the factual allegations in [The Association's] petition. We conclude [the Association] *preserved its argument for appeal*.

*Sw. Airlines Pilots Ass'n v. Boeing Co.*, 2022 WL 16735379, at \*7 (emphasis added). I read *Southwest Airlines Pilots* as recognizing, as *Owings* did, that an appellant must adhere to Rule 33.1(a)'s preservation requirement. *See Owings*, 2020 WL 6588610.

Error preservation is so basic to appellate procedure that intermediate appellate courts, including ours on at least two occasions, have routinely applied it to three other provisions in Rule 91a that also utilize the terms "must" or "entitled."[6]

*First*, Rule 91a.3(a) provides that "[a] motion to dismiss *must be* filed within 60 days after the first pleading containing the challenged cause of action is served on the movant[.]"  TEX. R. CIV. P. 91a.3(a) (emphasis added).  The First Court of Appeals has held that a complaint regarding a trial court's failure to adhere to Rule 91a.3(a) must be preserved.  *See Malik v. GEICO Advantage Insurance Company, Inc.*, No. 01-19-00489-CV, 2021 WL 1414275, at *4 (Tex. App.—Houston [1st Dist.] Apr. 15, 2021, pet. denied) (mem. op.) (noting that appellant did not direct appellate court to "any place in the record in which he objected that appellees' original motion to dismiss was not timely filed," and holding that appellant's complaint under Rule 91a.3 was not preserved).

*Second*, Rule 91a.3(b) provides that "[a] motion to dismiss *must be filed* at least 21 days before the motion is heard[.]"  TEX. R. CIV. P. 91a.3(b) (emphasis added).  The Second, Third, and Fifth Courts of Appeals have held that a complaint regarding a trial court's failure to adhere to Rule 91a.3(b) must be preserved.  *See Caldwell v. Zimmerman*, No. 03-17-00273-CV, 2017 WL 4899447, at *2 & n.2 (Tex. App.—Austin Oct. 26, 2017, pet. denied) (mem. op.) (holding no preservation of Rule 91a.3 complaint when appellant failed to raise the issue in his motion for new trial); *Thomas*, 2017 WL 5494386, at *5 (holding plaintiff failed to preserve complaint regarding compliance with timing provisions of Rule 91a.3 and Rule 91a.6); *Envision Realty Grp., LLC v. Chuan Chen*, No. 05-18-00613-CV, 2020 WL 1060698, at *3 (Tex. App.—Dallas Mar. 5, 2020, no pet.) (mem. op.) ("To preserve a complaint about lack of notice [of a Rule 91a motion to

---

[6] The provision at issue provides that "[e]xcept as required by 91a.7, the court *may not* consider evidence in ruling on the motion and *must* decide the motion based solely on the pleading of the cause of action, together with any pleading exhibits permitted by Rule 59."  TEX. R. CIV. P. 91a.6 (emphasis added).

dismiss], a party must bring the lack of adequate notice to the trial court's attention at the hearing and object to the hearing going forward or move for a continuance.").

*Third*, Rule 91a.6 provides that "[e]ach party *is entitled* to at least 14 days' notice of the hearing on the motion to dismiss." TEX. R. CIV. P. 91a.6 (emphasis added). We and the Fifth Court of Appeals have held that a complaint regarding a trial court's failure to adhere to Rule 91a.6 must be preserved. *See Quintana v. Holzhaus*, No. 04-23-00599-CV, 2024 WL 1079235, at *3 (Tex. App.—San Antonio Mar. 13, 2024, no pet. h.) (mem. op.) (holding that a non-movant's complaint that a dismissal order was signed on only three days' notice was not preserved); *Odam v. Texans Credit Union*, No. 05-16-00077-CV, 2017 WL 3634274, at *4 (Tex. App.—Dallas Aug. 24, 2017, no pet.) (noting that a party waives its complaint of insufficient Rule 91a notice if it (a) fails to bring the complaint to the court's attention during hearing or (b) fails to raise the issue in a motion for new trial if the party received no notice of hearing); *see also Gaskill v. VHS San Antonio Partners, LLC*, 456 S.W.3d 234, 239 (Tex. App.—San Antonio 2014, pet. denied) (noting that a complaint of no notice of Rule 91a hearing was preserved in a motion for new trial).

We have even required error preservation outside of the provisions that include the terms "must" or "entitled." In *AAA Free Move Ministorage, L.L.C.*, 2015 WL 1120330, at *1, an appellant argued that the trial court erred by granting a Rule 91a motion to dismiss that was filed while the case was abated. On appeal, the appellees argued that the appellant "waived its complaint by not appearing at the hearing" on the appellees' motion to dismiss. *Id.* at *2. We held that the appellant "objected to the entry of the final judgment based on the trial court's previous error of granting a legally null Rule 91a motion. Thus, the issue was *preserved*, and the trial court erred by granting the Rule 91a motion while the suit was abated." *Id.* at *3 (emphasis added).

**D.      The *Davis* Anomaly**

The majority makes a passing reference in a footnote to the majority opinion in *Davis v. Homeowners of America Insurance Company*, No. 05-21-00092-CV, 2023 WL 3735115, at *6 (Tex. App.—Dallas May 31, 2023, no pet.), as some support for its proposition that it "need not reach the question of whether error preservation is required under Rule 91a.6." *Parker v. Ohio Development, LLC*, No. 04-23-00069-CV, Slip Op., 11, n .8 (Apr. 30, 2024, no pet. h.).  In *Davis*, 2023 WL 3735115, at *1, Davis sued Homeowners of America in connection with its alleged mishandling of an insurance claim relating to property damage.  Homeowners of America filed a Rule 91a motion to dismiss, and it attached evidence in support of its motion.  *Id*. at *6.  Davis likewise attached evidence to his Rule 91a filings.  *Id*. at *8 (Pedersen, J., dissenting).  In addressing Homeowners of America's reliance on evidence, the *Davis* majority writes:

> [Homeowners of America] argues [Davis's] claims have no basis in fact and law because those claims accrued on November 20, 2017, a date more than two years preceding the filing of the lawsuit.  To support its position, [Homeowners of America] points to various communications (including claim-denial correspondence) it sent to and received from the Davises after the dispute arose. These documents were attached to [Homeowners of America's Rule 91a] motion, along with a copy of the homeowners insurance policy applicable, and various other items.  We do not consider these, however, because they were not attached to [Davis's] pleading [footnote reproduced below] and, in any event, they are clearly evidentiary and not the type of exhibits rule 59 permits.  *See* TEX. R. CIV. P. 91a.6 (court may not consider evidence and must decide rule 91a motion based solely on the pleading of the cause of action, together with any pleading exhibits permitted by rule 59).  As *Bethel* and rule 91a.6 direct, we may not resort to matters outside [Davis's] pleading in making the rule 91a determination.  *Bethel*, 595 S.W.3d at 656 (rule 91a.6 limits scope of court's factual inquiry in determining whether the cause of action has a basis in law).

*Davis*, 2023 WL 3735115, at *6.  In a footnote, the majority writes:

> Exhibits offered by a rule 91a movant should not be considered.  *Sw. Airlines Pilots Ass'n v. Boeing Co.*, No. 05-21-00598-CV, 2022 WL 16735379, at *5 (Tex. App.—Dallas Nov. 7, 2022, pet. filed) (mem. op.); *see also Raider Ranch, LP v. Lugano, Ltd.*, 579 S.W.3d 131, 134 (Tex. App.—Amarillo 2019, no pet.) (party "seeking to inject its defensive theory into the Rule 91a procedure by means of an exhibit to its answer and motion, finds no support in the text of the rule itself or in the cases").

Rule 91a and the statute from which it was derived make this clear. *See* TEX. R. CIV. P. 91a.6; TEX. GOV'T CODE ANN. 22.004(g) (stating, in part, "The supreme court shall adopt rules to provide for the dismissal of causes of action that have no basis in law or fact on motion *and without evidence*.") (emphasis added).

The trial court's order concluding the rule 91a motion was meritorious "[a]fter consideration of the [m]otion, any responses/replies thereto, *evidence*, and arguments of counsel" ignored this plain directive. The dissent would have us ignore it as well, as it spends seventeen pages purporting to analyze the merits of [Davis's] claims based on evidence that rule 91a and government code section 22.004(g) both say is not to be considered. *See* TEX. R. CIV. P. 91a.6; TEX. GOV'T CODE ANN. 22.004(g).

*Davis*, 2023 WL 3735115, at *6, n.8.

The dissent in *Davis* had no quarrel with the majority's appreciation that Rule 91a prohibited consideration of evidence outside the limited exception permitted by Rule 59. *Id*. at *8 (Pedersen, J., dissenting). However, it found significant fault with the majority's refusal to recognize, much less adhere, to (1) the preservation requirement in Rule 33.1; (2) the "generous preservation option" crafted in *Southwest Airlines Pilots Association*; (3) the prohibition by the Supreme Court of Texas that appellate courts may not reverse a judgment on unassigned error; and (4) the limits on what constitutes "fundamental error." *Id*. at *9–*10 (Pedersen, J., dissenting).

I find the *Davis* majority's implicit preservation exemption unavailing because it represents a departure from that same court's holdings in *Bethel*, 581 S.W.3d at 309, and *Southwest Airlines Pilots Association*, 2022 WL 16735379, at *7. *See generally Mitschke v. Borromeo*, 645 S.W.3d 251, 257 (Tex. 2022) ("We favorably quoted a decision of the Fourteenth Court of Appeals, which formalized the requirement that one panel remains bound by a prior panel's holdings . . . ."). Setting aside stare decisis concerns, the *Davis* majority's failure to grapple with the clear and well-reasoned dissent renders its preservation exemption even more questionable.

For all these reasons, I would overrule Parker's second issue because he failed to preserve error. *See* TEX. R. APP. P. 33.1(a).

### III. CAPACITY

In Parker's third issue, he complains that the trial court erred in dismissing his "derivative claims" because the Texas Business Organizations Code confers on him derivative capacity to maintain such claims. Parker specifically argues:

> After Ohio Development filed its Motion to Dismiss, Parker filed an Amended Petition, as allowed by 91a.5. Parker's Fifth Amended Petition makes clear his claims against Ohio Development are brought in his derivative capacity as a shareholder of KCDC. Pursuant to the Texas Business Organizations Code § 153.401, Parker has the right to bring derivative claims on behalf of KCDC. Further, since KCDC is a closely held limited partnership, with less than 35 limited partners, Parker does not have to comply with the requirements of Tex. Bus. Org. Code §§ 153.402-410 in order to bring derivative claims on behalf of KCDC. Tex. Bus. Org. Code § 153.413.

This block quote represents the entirety of Parker's appellate argument. Ohio Development's appellate argument emphasizes that its Rule 91a motion referenced provisions in the receivership orders that granted the receiver "authority over essentially the entirety of the assets, claims, potential awards, [and] liabilities . . ." of KCDC. Ohio Development's appellate brief block quotes its Rule 91a motion, wherein it argued:

> **The Parkers Lack Capacity.**
>
> 15.    As provided by TEX. R. CIV. P. Rule 94, Ohio has asserted that Plaintiffs lack capacity to bring their claims against this Defendant, i.e., Plaintiffs lack the legal authority to file suit against this Defendant, *Austin Nursing Center, Inc., v. Lovato*, 171 S.W.3d 845, 848-49 (Tex. 2005).
>
> 16.    On February 15, 2018, this Court signed an Order granting a motion filed by Plaintiff Jack J. Parker, Jr., appointing Chris Wallendorf as the bonded Receiver over the therein defined "Receivership Property" of various entities, including property of KCDC. In the Order, "Receivership Property" includes:
>
>> "[]    All claims, causes of action, lawsuits, and judgments held by [KCDC]."
>
> 17.    Subsequently, on January 25, 2021, such Order was superseded by an Agreed Order Appointing Successor Receiver, therein appointing Kathleen A. Hurren as the Successor Receiver. A true and correct copy of such Order is attached hereto. Exhibit A, Ex. 3 to Answer.

18.    As referenced in ¶ 16 above, in such Order the Successor Receiver is awarded exclusive authority over essentially the entirety of the assets, claims, potential awards, liabilities, etc., comprising the claims asserted by the Plaintiffs in this lawsuit.  Specifically, the Successor Receiver was granted by the Court "the general powers and duties set out under § 64.031 of the Tex. Civ. Prac. & Rem. Code" over "all claims, causes of actions, lawsuits, and judgments" owned by KCDC.  *See* Exhibit A, Ex. 3 to Answer, pg. 4, ¶¶ a & b (10).  The authority of the Receiver is further clarified by the enumeration of the "Duties of Successor Receiver," which include the following duties:

> "d.    Determine the claims of any individual or entity as to any asset or claim against any asset of the entities identified above, or against any of the entities.

> e.    Determine the claims of any of the entities identified above against any individual or entity . . . ."  *See id* at pg. 4, ¶ d, e.

19.    Lastly, the Successor Receiver has been granted full powers to exercise her authority and duties, including the power to take charge of KCDC's Receivership Property, (including the "claims, causes of action, lawsuits," etc., referenced above), and hire attorneys as she deems reasonable and necessary. *See id* at pg. 3-4, "DUTIES OF SUCCESSOR RECEIVER," ¶¶ a, j and m.  Without authority received from either the Successor Receiver or this Court, Plaintiffs lack capacity to bring or prosecute this lawsuit against this Defendant, and therefore the claims pled by Plaintiffs against this Defendant are baseless and must be dismissed.

(Footnotes omitted).

Parker's appellate argument on his third issue presumes that he prevailed on his unpreserved second issue, and it ignores Ohio Development's contention that the trial court's receivership orders deprive him of any capacity to maintain claims on KCDC's behalf.  However, Ohio Development's receivership contention constitutes an alternative basis on which the trial court may have granted dismissal.  Accordingly, Parker's third issue fails to challenge all grounds upon which the trial court could have granted the motion to dismiss.  *See Berger v. Flores*, No. 03-12-00415-CV, 2015 WL 3654555, at *4 (Tex. App.—Austin Jun. 12, 2015, no pet.) (mem. op.)); *see also Stuer v. Duesler*, No. 05-19-00752-CV, 2020 WL 4745549, at *3 (Tex. App.—Dallas Aug. 17 2020, pet. denied) (mem. op.) (following *Berger*); *Parkhurst v. Office of Att'y Gen. of Tex.*, 481 S.W.3d 400, 402 (Tex. App.—Amarillo 2015, no pet.) ("It is appropriate to impose upon

an appellant attacking a dismissal under Rule 91a the same obligation as one attacking a summary judgment when the trial court fails to mention a particular ground on which it relied. In each situation, he must negate the validity of each ground upon which the trial court could have relied. If he fails to address any particular ground, 'we must uphold the [order] on the unchallenged ground.'") (quoting *Berger*, 2015 WL 3654555, at \*4). Therefore, I would overrule Parker's third issue.[7]

Instead of addressing Parker's third appellate issue, as briefed, the majority goes out on its own to narrowly read Ohio Development's capacity ground, as assailing *only* Parker's *individual* capacity. *Parker v. Ohio Development, LLC*, No. 04-23-00069-CV, Slip Op., 11 (Apr. 30, 2024, no pet. h.). The majority stretches even further by faulting Ohio Development for not amending its Rule 91a motion. Specifically, it writes:

> . . . Parker's claims were first classified as derivative in the fifth amended petition. Yet, Ohio Development chose to stand on its existing motion to dismiss (aimed only at Parker's individual allegations in the fourth amended petition) notwithstanding these substantive amendments. *See* TEX. R. CIV. P. 91a.5(b). To the extent the trial court dismissed Parker's derivative claims based on a lack of capacity, it was inappropriate under Rule 91a because the motion was directed only

---

[7] In light of my disposition of Parker's third issue, I would not address Parker's fourth issue — that his claims are not barred by the four-year statute of limitations. *See* TEX. R. APP. P. 47.1 ("The court of appeals must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal."). I note, however, that Ohio Development's Rule 91a motion also asserted that all of Parker's "pleaded or alluded to claims of fraud, statutory fraud and/or fraudulent transfer regarding a foreclosure sale that occurred in February 2014 are barred by the applicable four-year statutes [sic] of limitations." On appeal, Ohio Development emphasizes that Parker's fifth amended petition does not mention the discovery rule, and it argues that Parker cannot avail himself of a discovery rule that he never pled. *See Woods v. William M. Mercer, Inc.*, 769 S.W.2d 515, 518 (Tex. 1988) (citing TEX. R. CIV. P. 94) (holding that "[a] party seeking to avail itself of the discovery rule must therefore plead the rule, either in its original petition or in an amended or supplemented petition in response to defendant's assertion of the defense as a matter in avoidance."). In *Skelton v. Gray*, 547 S.W.3d 272, 280 (Tex. App.—San Antonio 2018), *aff'd*, 595 S.W.3d 633 (Tex. 2020), we affirmed the dismissal of a breach of fiduciary duty claim under Rule 91a where the nonmovant "did not plead the discovery rule or otherwise assert that she was not aware of the alleged breach until a later date," and we held that such an untimely claim had "no basis in law." The majority fails to adequately explain how Parker has not "pleaded [himself] out of court," *In re Shire PLC*, 633 S.W.3d 1, 18 (Tex. App.—Texarkana 2021, orig. proceeding), regarding his claims that relate to the February 13, 2014, foreclosure sale.

to individual claims, but Parker only alleged his claims derivatively on behalf of KCDC.

*Id*. at p.13.

Aside from ignoring the briefing before us,[8] the arguments before the trial court, and the alternative basis rule, the majority's analysis is unpersuasive. Nowhere in Ohio Development's capacity ground, which I have already block quoted, does it limit its contention to *only* Parker's *individual* capacity. The majority's narrow reading of Ohio Development's capacity ground is not a plain reading of it, and the majority provides no legal authority supporting such a narrow reading. Plainly read, Ohio Development's use of the term "capacity," without the adjectives "individual" — which the majority gratuitously supplies — or "derivative," was broad enough to encompass both of Parker's potential capacity grounds. The majority's faulting of Ohio Development for failing to amend is similarly unavailing. In *Reaves v. City of Corpus Christi*, 518 S.W.3d 594, 609 n.9 (Tex. App.—Corpus Christi-Edinburg 2017, no pet.), the court observed: "[R]ule 91a's mechanism strongly resembles the traditional practice of summary judgment on the pleadings . . . ." *Id*. Under traditional summary judgment practice, an amended or supplemental motion for summary judgment is not required if "the original motion is broad enough to encompass the newly asserted claims." *Callahan v. Vitesse Aviation Servs., LLC*, 397 S.W.3d 342, 350 (Tex. App.— Dallas 2013, no pet.). The provisions in Rule 91a.5(b) providing that a "movant *may*" withdraw or amend a motion to dismiss suggest, as with traditional summary judgment motions, that a movant has discretion to *not* withdraw or amend its motion, but instead *may* stand on its previously filed motion. TEX. R. CIV. P. 91a.5(b) (emphasis added). The majority fails to convincingly explain how Ohio Development's capacity ground, premised on its receivership contention that

---

[8] Ohio Development, as the appellee, responded to the appellate argument that Parker presented to us. *See* TEX. R. APP. P. 38.2(a)(1)(2) ("When practicable, the appellee's brief should respond to the appellant's issues or points in the order the appellant presented those issues or points.").

threads through its trial and appellate filings, is not broad enough to encompass the derivative capacity allegation in Parker's fifth amended petition.

Relatedly, the majority's assertion that "Parker's claims were first classified as derivative in the fifth amended petition," *Parker v. Ohio Development, LLC*, No. 04-23-00069-CV, Slip Op., 13 (Apr. 30, 2024, no pet. h.), while true regarding Ohio Development, fails to appreciate the litigation history. In Parker's fourth amended petition, which pre-dates Ohio Development's Rule 91a motion, Parker claimed:

> Parker was a limited partner at all times relevant to this lawsuit in Tapatio Springs Real Estate Holdings. Pursuant to the Texas Business Organizations Code § 153.402 Parker has standing to bring derivative claims on behalf of TSREH. Pursuant to TEX. BUS. ORG. CODE § 153.401, it is unlikely the general partner of TSREH, being Mr. Shalit, would bring these claims since he is named as being liable for this conspiracy against TSREH. Additionally, the Court appointed Successor Receiver has indicated to the undersigned she would rather not bring these claims. Further, in email correspondence on April 15, 2021, Chris Byrd, Counsel for the general partner, Michael Shalit, vehemently objected to any attempts by the Successor Receiver to assign these claims. Thus, the derivative action on behalf of TSREH is the only way Parker is able to redress his claims against Shalit and Fairway. TEX. BUS. ORG. CODE § 153.403.

This allegation is nearly identical to the one Parker made against Ohio Development in his fifth amended petition. Therefore, Ohio Development may have anticipated that Parker would amend his fourth amended petition to reference sections 153.401–153.403 of the Texas Business Organizations Code against it as he had against TSREH. This potentially explains why Ohio Development made its capacity argument broad enough — in accordance with well-recognized dispositive motions practice — to encompass *individual* and *derivative* capacity allegations.

## IV. CONCLUSION

For all these reasons, I would affirm the trial court's judgment. Because the majority does otherwise, I respectfully dissent.

Rebeca C. Martinez, Chief Justice